## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | )<br>)<br>) | MDL Docket No. 1332<br>Hon. J. Frederick Motz |
| This Document Relates To:<br>All Actions | )<br>)<br>)<br>)<br>) | |

## NOTICE OF OBJECTIONS OF NONPARTY NEC USA, INC. TO COMPETITOR PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS FROM STATE REMEDIES PROCEEDING

NEC, USA, Inc., and NEC Solutions America, Inc. (collectively "NEC") object to the request for production of the Competitor Plaintiffs from Microsoft Corporation of all of NEC's confidential and highly confidential documents that were produced pursuant to subpoena duces tecum in *State of New York et al., v. Microsoft Corp.*, C98-1233 (CKK (D.D.C.) (the "State Remedies Proceeding"). The grounds for NEC's objections are stated in a letter dated April 4, 2003, from the undersigned to Bruce Wecker, Esq., counsel for Burst.com. A copy of that letter is attached hereto as Exhibit A.

Respectfully submitted,

G. Brian Busey
Morrison & Foerster LLP
1650 Tysons Blvd., Suite 300
McLean, VA 22102
*Counsel to NEC USA, Inc. and NEC Solutions America, Inc.*

Dated: April 4, 2003

va-29555

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2003, I caused a copy of the foregoing Notice of Objections of Nonparty NEC USA, Inc. to Competitor Plaintiffs' Request for Production of Documents from State Remedies Proceeding to be served by facsimile and regular U.S. mail on the following:

James P. Ulwick
Kramon & Graham, P.A.
One South Street
Baltimore, MD 21202
(410) 539-1269 facsimile

Bruce Wecker
Hosie, Frost, Lange & McArthur
One Market Street, Suite 2200
Spear Street Tower
San Francisco, CA 94105
(415) 247-6001 facsimile

James T. Southwick
Susman, Godfrey, L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
(713) 654-6666 facsimile

John B. Isbister
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 727-5460 facsimile

Marc De Leeuw
Sullivan & Cromwell
125 Broad Street, 32nd Floor
New York, NY 10004
(212) 558-3588 facsimile

Dale A. Rice
Heller, Ehrman, White & McAuliffe LLP
333 Bush Street
San Francisco, CA 94104
(415) 772-6268 facsimile

G. Brian Busey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | ) | |
| ANTITRUST LITIGATION | ) | MDL Docket No. 1332 |
| | ) | Hon. J. Frederick Motz |
| This Document Relates To: | ) | |
| All Actions | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### NOTICE OF OBJECTIONS OF NONPARTY NEC USA, INC. TO COMPETITOR PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS FROM STATE REMEDIES PROCEEDING

NEC, USA, Inc., and NEC Solutions America, Inc. (collectively "NEC") object to

the request for production of the Competitor Plaintiffs from Microsoft Corporation of all

of NEC's confidential and highly confidential documents that were produced pursuant to

subpoena duces tecum in *State of New York et al., v. Microsoft Corp.*, C98-1233 (CKK

(D.D.C.) (the "State Remedies Proceeding"). The grounds for NEC's objections are

stated in a letter dated April 4, 2003, from the undersigned to Bruce Wecker, Esq.,

counsel for Burst.com. A copy of that letter is attached hereto as Exhibit A.

Respectfully submitted,

*[signature]*

G. Brian Busey
Morrison & Foerster LLP
1650 Tysons Blvd., Suite 300
McLean, VA 22102
*Counsel to NEC USA, Inc. and NEC*
*Solutions America, Inc.*

Dated: April 4, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2003, I caused a copy of the foregoing Notice of Objections of Nonparty NEC USA, Inc. to Competitor Plaintiffs' Request for Production of Documents from State Remedies Proceeding to be served by facsimile and regular U.S. mail on the following:

James P. Ulwick
Kramon & Graham, P.A.
One South Street
Baltimore, MD  21202
(410) 539-1269 facsimile

Bruce Wecker
Hosie, Frost, Lange & McArthur
One Market Street, Suite 2200
Spear Street Tower
San Francisco, CA  94105
(415) 247-6001 facsimile

James T. Southwick
Susman, Godfrey, L.L.P.
1000 Louisiana, Suite 5100
Houston, TX  77002-5096
(713) 654-6666 facsimile

John B. Isbister
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 727-5460 facsimile

Marc De Leeuw
Sullivan & Cromwell
125 Broad Street, 32nd Floor
New York, NY 10004
(212) 558-3588 facsimile

Dale A. Rice
Heller, Ehrman, White & McAuliffe LLP
333 Bush Street
San Francisco, CA 94104
(415) 772-6268 facsimile

G. Brian Busey

va-29583

**EXHIBIT A**

# MORRISON & FOERSTER LLP

| | | |
|---|---|---|
| SAN FRANCISCO | ATTORNEYS AT LAW | NEW YORK |
| LOS ANGELES | | WASHINGTON, D.C. |
| DENVER | 1650 TYSONS BOULEVARD, SUITE 300 | NORTHERN VIRGINIA |
| PALO ALTO | McLEAN, VIRGINIA 22102 | LONDON |
| WALNUT CREEK | TELEPHONE (703) 760-7700 | BRUSSELS |
| SACRAMENTO | TELEFACSIMILE (703) 760-7777 | BEIJING |
| CENTURY CITY | | HONG KONG |
| ORANGE COUNTY | | SINGAPORE |
| SAN DIEGO | April 4, 2003 | TOKYO |

Writer's Direct Contact
(703) 760-7701
gbusey@mofo.com

**By Telefacsimile and Regular Mail**

Bruce Wecker, Esq.
Hosie, Frost, Lange & McArthur
1 Market Street
Spear Street Tower, 22nd Floor
San Francisco, CA 94105

Re: *In re Microsoft Corp. Antitrust Litigation*, MDL 1332; *Burst.com, Inc. v. Microsoft Corp.*, JFM-02-CV-2952

Dear Mr. Wecker:

This letter responds to your letter dated March 21, 2003 to Timothy Donovan, Senior Vice President and General Counsel, NEC USA, Inc. and your letter to Jeremy Kashian, Esq. of NEC Solutions America, Inc. (collectively "NEC").[1] In those letters you notified NEC that the competitor plaintiffs in the above-referenced MDL proceeding are requesting production of "all documents that you have produced to any of the parties" in several Microsoft-related proceedings (*United States v. Microsoft*, No. 98-1232 (D.D.C.); *State of New York v. Microsoft Corp.*, No. 98-1233 (D.D.C.) (the "State Remedies Proceeding"); *In re Microsoft Corp. Windows Operating Systems Antitrust Litig.*, MDL Docket No. 1332 (D. Md.); Coordination Proceedings Special Title (Rule 1550(b)) Microsoft I-V Cases, J.C.C.P. No. 4106 (Cal. Super. Ct. San Francisco Cty); *Caldera v. Microsoft*, No. 2:96-CV-645B (D. Utah); *Bristol Technology v. Microsoft*, 398 CV 1657 (D. Conn.)).

As we discussed by telephone earlier this week, NEC and several affiliates (NEC Technologies, Inc., NEC Computers, Inc., and NEC Systems, Inc., now collectively known as NEC Solutions America, Inc.) produced extensive amounts of confidential and sensitive documents in the State Remedies Proceeding in response to a subpoena.

---

[1] Note that your letter was mistakenly addressed to Mr. Donovan as counsel of NEC America, Inc. rather than NEC USA, Inc. NEC America, Inc. is a separate and distinct corporate entity from NEC USA, Inc. and, to the best of our knowledge, has not been subject to any discovery in these Microsoft-related matters.

## MORRISON & FOERSTER LLP

Bruce Wecker, Esq.
April 4, 2003
Page Two

NEC objects to the request for production of all of its previously produced documents to
the competitor plaintiffs on several grounds.

First of all, NEC's good faith compliance with the subpoena in the State
Remedies Case was premised on the limitations and terms of the Protective Order
governing that proceeding. Pursuant to the Protective Order in the State Remedies Case,
NEC designated the vast majority of its documents "Confidential Information" or
"Highly Confidential Information." In producing confidential and highly confidential
documents in that proceeding, NEC relied on the following express assurance restricting
the use of the information that was produced:

B. PERMISSIBLE USE OF CONFIDENTIAL INFORMATION

1. All persons obtaining access to Confidential Information in
connection with these actions [defined as the U.S. Government case,
C.A. No. 98-1232 and the State Remedies Proceeding] *shall use that
information only for preparation and trial of these actions...and shall
not use Confidential Information for any other purpose.*

Protective Order at 5 (emphasis added)

Second, the competitor plaintiffs' request for production from Microsoft of
NEC's highly confidential and confidential documents is procedurally improper. NEC's
documents were produced pursuant to the terms of the Protective Order issued by Judge
Kollar-Kotelly of the U.S. District Court for the District of Columbia. In fact, as you
note in your letter, the consumer plaintiffs in the MDL action were granted access to
"some or all" of the documents produced in the State Remedies Proceeding. However,
you fail to mention that such production was authorized only *after* the consumer
plaintiffs moved to intervene in the State Remedies Proceeding and to modify the terms
of the Protective Order governing that proceeding.

After hearing objections from NEC USA and other third parties that were subject
to discovery in the State Remedies Proceeding, the district court in the State Remedies
Proceeding limited the amount of confidential third party documents that could be
produced by Microsoft to the consumer plaintiffs in the MDL proceeding. In the case of
NEC and several other third parties, the MDL consumer plaintiffs were granted access
limited to:

(1) all proposed and actual trial exhibits and (2) all sealed deposition or
trial testimony related to: (a) operating systems for a PC, (b) word
processing software, (c) spreadsheet software, or (d) middleware,

MORRISON & FOERSTER LLP

Bruce Wecker, Esq.
April 4, 2003
Page Three

excluding testimony on set top television boxes, voice digital imaging software or internet access provider agreements.

Order modifying Protective Order dated November 18, 2002, ¶ 7, attached hereto as Exhibit I.

As I advised you, NEC has no objection to allowing Microsoft to provide the competitor plaintiffs these two categories of NEC's confidential documents.[2] You indicated that this scope was inadequate and that the competitor plaintiffs demanded production of all of NEC and other third parties' confidential documents. If that remains your clients' position, then NEC maintains that the competitor plaintiffs must seek such relief from the District Court for the District of Columbia which has jurisdiction over the confidential and highly confidential documents produced by NEC in the State Remedies Proceeding. This is consistent with the course followed by the consumer plaintiffs.

Finally, NEC objects to the wholesale production of its confidential and highly confidential documents to four competitors of Microsoft under terms different than those provided under the Protective Order entered in the State Remedies Proceeding. In responding to the subpoena duces tecum in that Proceeding, NEC USA expressed its deep concern about protecting its highly confidential and sensitive business information. NEC was given repeated assurances by counsel for the State Plaintiffs that all parties to the State Remedies Proceeding would scrupulously comply with the terms of the Protective Order which included prohibitions on access by in-house counsel and employees of the parties. NEC continues to be seriously concerned that the confidentiality of its proprietary business information may be compromised if it is disseminated to multiple additional parties, their counsel and employees, particularly companies that may be involved in business lines in which NEC and its affiliates are active.

---

[2] As a practical matter, none of NEC's personnel were deposed or offered trial testimony and therefore this category has no applicability as to NEC.

MORRISON & FOERSTER LLP

Bruce Wecker, Esq.
April 4, 2003
Page Four


        Accordingly, we respectfully object to the request by the competitor plaintiffs
for production from Microsoft of all of NEC's confidential and highly confidential
documents from the State Remedies Proceeding.

                                        Sincerely,

                                        *G. Brian Busey* (signature)

                                        G. Brian Busey

cc:    (via facsimile and regular mail)
       Hon. J. Frederick Motz
       United States District Court for
         District of Maryland

       James P. Ulwick, Esq.
       Kramon & Graham, P.A.
       Counsel for Netscape Communications Corp.

       James T. Southwick, Esq.
       Susman, Godfrey LLP
       Counsel for Be Inc.

       John B. Isbister, Esq.
       Tydings & Rosenberg LLP
       Counsel for Sun Microsystems, Inc.

       Marc DeLeeuw, Esq.
       Sullivan & Cromwell
       Counsel for Microsoft Corp.

       Dale A. Rice, Esq.
       Heller Ehrman
       Counsel for Microsoft Corp.

       Jackie Gross, Esq.
       NEC USA, Inc.

       Jeremy Kashian, Esq.
       NEC Solutions America, Inc.

va-29553

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF NEW YORK, *et al.*,

    Plaintiffs

    v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 98-1233 (CKK)

**ORDER**
(November 18, 2002)

    Presently pending before the Court is the MDL Plaintiffs' Motion for Leave to Intervene and Motion to Clarify or Modify the Protective Order and Defendant Microsoft's partial opposition thereto. In its partial opposition, Microsoft "does not object in principle to a modification of the Protective Order," but raises the concern that various third-parties who produced documents in conjunction with the remedy phase of this proceeding would not have an opportunity to be heard on the issue. Microsoft Partial Opp'n. at 1. In response to the concerns raised in Microsoft's partial opposition and pursuant to Court order, the MDL Plaintiffs sought and obtained some form of consent to their proposed intervention and modification of the Protective Order in this case from nearly all of the various third-parties affected by the proposed modification.[1]

---

    [1] The MDL Plaintiffs in their August 30, 2002 Reply Memorandum informed the Court that they had reached agreement with all but five third-parties. This Court on September 13, 2002 ordered that if the five parties remained "unable to reach an agreement with the MDL Plaintiffs regarding Plaintiffs regarding modification of the Protective Order in this case, . . . they

Having resolved Microsoft's primary objection, the Court addresses Microsoft's two remaining objections to the modification proposed by the MDL Plaintiffs. Microsoft first objects that only "relevant" information should be provided to the MDL Plaintiffs. Microsoft's objection places this Court in the difficult position of determining whether documents produced during discovery in this action are relevant to the MDL proceeding presently pending in United States District Court for the District of Maryland. While the MDL Plaintiffs are not incorrect that their request for modification is properly directed at the issuing Court, MDL Reply at 10 (citing *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 n.8 (7th Cir. 1980), this Court need not make the determination of relevance the MDL Plaintiffs seek. This Court may modify the protective order, with the consent of the affected third parties, so as to remove the first obstacle presently preventing access to certain documents. If, however, Microsoft desires to seek further protection from access to those documents on relevance grounds, that is an obstacle which must be removed by another court. Said otherwise, Microsoft's relevance arguments are properly addressed to the court presiding over the litigation for which the documents are sought. Therefore, the Court determines to modify the Protective Order in this case so as to authorize access to documents produced by third-parties during these proceedings, but declines to determine if, once access is no longer hindered by the Protective Order in this case, such access may be barred on grounds of relevancy. That relevancy determination rests with another court.

---

shall file . . . brief memoranda specifying the basis for their objections." *State of New York v. Microsoft Corp.*, No. 98-1233 (D.D.C. Sept. 13, 2002). Only Dell Computer Corporation and Gateway, Incorporated ("Gateway") filed such objections. The Court takes notice of these objections and does not include these two non-parties in this order. The Court interprets the silence of the other non-parties as a concession to the MDL Plaintiffs' request for access. The Court continues to urge these third-parties to reach an amicable resolution regarding the provision of access to documents by the MDL Plaintiffs.

Microsoft also objects to modification of the Protective Order unless Microsoft's in-house counsel is provided access to the documents produced to the MDL Plaintiffs. The order pursuant to which the relevant third-parties produced materials to Microsoft provided that for information designated as "Highly Confidential," Microsoft's in-house counsel would not be permitted access. Microsoft proposes to modify the status quo based upon its notion of "fundamental fairness." Microsoft Partial Opp'n. at 12.

While undoubtedly Microsoft's in-house counsel are significant members of its litigation team, the Court disagrees that the notion of "fundamental fairness" demands this substantial alteration of the terms of the Protective Order. The relevant third parties produced sensitive documents pursuant to the belief that Microsoft's in-house counsel would not have access to such documents. The vast majority of these third parties have consented to some modification of the Protective Order, as proposed by the MDL Plaintiffs. The Court would regard the belated provision of access to information to Microsoft's in-house counsel as fundamentally unfair to those parties who produced information *in reliance* upon the fact that Microsoft's in-house counsel would not have access. The Court further rejects as wholly unsupported Microsoft's bold contention that the denial of access to in-house counsel, while other counsel of record had access to the very limited group of documents designated as "Highly Confidential," would "prejudice Microsoft's ability to defend itself" against the MDL Plaintiffs. *Id.* Accordingly, the Court shall deny Microsoft's request to provide in-house counsel with access to any "Highly Confidential" information provided to the MDL Plaintiffs.

Based on the foregoing, it is this 18th day of November, 2002, hereby

**ORDERED** that the Motion of the MDL Plaintiffs in the action *In re: Microsoft Corp.*

3

*Antitrust Litigation,* MDL No. 1332, pending in the United States District Court for the District of Maryland, to Intervene is GRANTED for the limited purpose of this Order; and it is further

**ORDERED** that effective upon entry of this Order, the Stipulation and Protective Order ("Protective Order") filed May 27, 1998 by this Court, and re-entered on September 28, 2001, is modified to permit access by outside counsel for the MDL Plaintiffs to certain documents and other materials listed below that had been designated as either "Confidential" or "Highly Confidential" in this action pursuant to the terms of the Protective Order, solely for use in the proceedings in which access to "Confidential" or "Highly Confidential" documents is permitted by the Stipulated Revised Protective Order entered in the MDL Proceeding on September 5, 2000. Access to and use of the materials otherwise shall be governed by the terms of the Protective Order, including but not limited to all restrictions set forth in the Protective Order regarding access to the materials by counsel for the MDL Plaintiffs and Microsoft and by other individuals, with the exception that certain additional modifications, as set forth below, shall apply as to particular third parties. Except where otherwise indicated, or curtailed by order of the court presiding in the MDL case, the materials shall be produced by Microsoft and not the third parties.

It is further **ORDERED** that

1.     Pursuant to the terms and conditions described herein, and subject to limitation on the grounds of relevance by the court presiding in the MDL proceeding, the MDL Plaintiffs shall have use of, and have access to, certain documents and other materials produced in the remedies phase of this proceeding by certain third parties as described below.

4

2.      As to Acer America Corporation; Andrew Appel; Apple Computer, Inc.; Applied

Systems, Inc.; Counsel for Association for Competitive Technology; August

Capital; Autodesk, Inc.; Jim Barksdale and The Barksdale Group; Best Buy;

Charter Communications; Compaq Computer Corp.; Counsel for Computer

Industry Association; Citizens Against Government Waste; Eastman Kodak

Company; eMachines, Inc.; Fujitsu America, Inc.; IBM Corp.; Intel Corp.;

Liberate Technologies; MusicMatch, Inc.; Onyx Software Corporation; Opus-i,

Inc.; Oracle Corporation; Qwest Communications; RealNetworks, Inc.; Red Hat,

Inc.; Samsung Electronics America, Inc.; Silicon Graphics, Inc.; Steven D.

McGeady; Sun Microsystems, Inc.; Progress and Freedom Foundation; Counsel

for The Project to Promote Competition and Innovation in the Digital Age; The

Software and Information Association; Toshiba America, Inc.; Unisys

Corporation; VideoBanner.com; Waggener Edstrom; Weber Shandwick; and

Yahoo! Inc., those documents and other materials include: (1) all deposition

transcripts and trial testimony and all deposition and trial exhibits offered or

proffered (whether or not admitted) by all parties in this action, whether or not

designated "Confidential" or "Highly Confidential"; and (2) to the extent not

covered by (1) above, all documents produced by any party or third party in this

action, and all reports, summaries or notes of witness interviews and witness

statements produced to Microsoft in connection with this action, which relate to

the efforts of Intel Corporation to work with the Linux operating system, and

Microsoft's response thereto.

5

3.     The materials described above that had been produced in this action by Novell,

Inc. ("Novell") include certain pages of documents that had been introduced

and/or placed under seal and which Novell contends are not relevant to the MDL

Proceeding. Novell will produce to counsel for the MDL Plaintiffs those pages of

the documents in redacted form. To the extent that the MDL Plaintiffs desire all or

a portion of those pages in unredacted form, they will so notify Novell.  Novell

will then have 10 days from the date of receipt of such notice to object before this

Court to such additional access to those pages by counsel for the MDL Plaintiffs.

4.     Advanced Micro Devices, Inc. ("AMD"), and not Microsoft, shall have the

responsibility and authority to both designate the responsive AMD documents

and to produce those materials to counsel for the MDL Plaintiffs.

5.     As to Hewlett-Packard Company ("HP"), the documents and other materials to

which counsel for the MDL Plaintiffs shall have access include: (1) HP

documents designated by the plaintiff States in this action as potential trial

exhibits (State trial exhibits Nos. 310, 1151 and 1127); (2) HP documents

designated by Microsoft as potential trial exhibits (DX399-413); (3) HP

documents marked as deposition exhibits in the Remedies phase of the

Government case; and (4) HP documents admitted in evidence in the Remedy

phase of the Government case. All terms of this Order shall apply to access

and use of those documents with the exception that access to the documents

by Microsoft's designated in-house counsel, and HP's right to object to such

access, shall be governed by paragraphs 6 and 7 of the Order Modifying the

Protective Order filed on May 18, 2001 in the consolidated action consisting of

this action and *United States of America v. Microsoft Corporation,* Civil

Action No. 98-1232.

6.    As to America Online, Inc. ("AOL"), the documents and other materials to

which counsel for the MDL Plaintiffs shall have access pursuant to the terms

of this Order include all documents (MDL bates number AOL0004223-

AOL0005657) that AOL previously produced to Microsoft (a) in response to

Microsoft's June 15, 2001 subpoena to AOL in the MDL Proceeding and (b) in

the remedies phase of this action.  In addition, AOL will produce to counsel

for the MDL Plaintiffs, also subject to the terms of the Protective Order, (1)

other documents produced by AOL in the remedies phase of this action that

fall within the negotiated scope of Microsoft's June 15, 2001 subpoena to

AOL in the MDL Proceeding, irrespective of date; (2) documents produced by

AOL in the remedies phase of this action that relate to meetings with

Microsoft regarding productivity suites, individual productivity applications,

or Microsoft operating systems; (3) documents produced by AOL in the

remedies phase of this action that either relate to the ability to compete with

Microsoft in the distribution of browser software or discuss browser

competition from Microsoft or any other company; and (4) documents

produced by AOL in the remedies phase of this action that relate to meetings

with other software or hardware companies in which competition with

Microsoft was discussed.  In addition, the three in-house lawyers and two legal

7

assistants identified in Microsoft's Partial Opposition to the MDL Plaintiffs'

motion for modification of the Protective Order shall also have access to all of

the AOL documents identified above, subject to the other terms of the

Protective Order.

7.     As to Avanade, Inc.; NEC USA, Inc. and NEC Solutions (collectively

"NEC"); and SBC Communications, Inc. ("SBC"), the documents and other

materials to which the MDL Plaintiffs shall have access pursuant to the terms

of this Order, and which SBC shall produce with respect to its respective

materials, include: (1) all proposed and actual trial exhibits, and (2) all sealed

deposition or trial testimony related to: (a) operating systems for a PC, (b)

word processing software, (c) spreadsheet software, or (d) middleware,

excluding testimony on set top television boxes, voice recognition software,

digital imaging software or internet access provider agreements.  Also as to

SBC, with regard to the actual and proferred trial exhibits referred to above,

SBC will produce for possible use in the MDL Proceeding redacted versions

of those exhibits which certain counsel for the MDL Plaintiffs previously

reviewed in unredacted form.

8.     As to Sony Corporation of America ("Sony"), Microsoft will produce Sony's

proposed and actual trial exhibits.  The MDL Plaintiffs will provide counsel

for Sony with the production numbers of Sony's proposed and actual trial

exhibits produced by Microsoft.

9.     As to Palm, Inc. ("Palm"), the documents and other materials to which the

MDL Plaintiffs shall have access, and which Palm will produce to the MDL

Plaintiffs, subject to the terms of this Order, include those that fit within the

following categories used in connection with a prior production by Palm to the

MDL Plaintiffs:

a     **Business And Marketing Plans For Palm Products**. Palm will produce its 2000 Annual Strategy Plan and other prior business plans, or documents sufficient to reflect Palm's operating business plans if no formal plans exist. Palm need not conduct any search of its electronic files, including email, unless particular documents necessary to respond to this request do not exist in hard-copy format but do exist in electronic format.

b.     **Pricing Documents**. Palm will produce pricing list documents, as well as product roadmap documents that "slot" various products for certain price points and show launch and end-of-life dates. Palm need not conduct any search of its electronic files, including email, unless particular documents necessary to respond to this request do not exist in hard-copy format but do exist in electronic format.

c.     **Licensing Agreements And Similar Ventures With Palm OS Licensees**. Palm will produce its standard licensing agreement, as well as its list of licensees. In addition, Palm will produce basic information concerning the existence of agreements with other licensees with whom it has entered into non-standard and publicly known licensing agreements.

d.     **Basic Information About Palm Handhelds And Operating Systems**. Palm will produce basic information about its current and prior handheld and OS products, including launch dates, feature sets, etc.

e.     **Palm's Support Efforts For Independent Software Vendors**. Palm will produce its Alliance Program Guide ("APG"), which includes information concerning technical support, funding, technical sharing of APIs, and similar efforts by Palm to encourage independent software vendors ("ISVs") to develop products for the Palm platform. Palm also will produce its Developers Support Program, the forerunner to the APG. In addition, Palm will provide publicly available information about the growth of third-party applications for the Palm OS platform since the beginning of 2000, as well as documents that describe the growth of third-party applications for the Palm OS platform prior to 2000. Finally, Palm will produce other information

9

about developer support that it distributes to the public (*e.g.*, information distributed at trade shows and on Palm's web sites).

f.   **Palm Organizational Charts**. Palm will produce its current organizational charts with the names of its personnel redacted.

g.   **Palm OS v. Windows Desktop OS's, Linux Desktop OS, Apple Macintosh OS Comparison Documents**. Palm will perform a good-faith, reasonable search for and, if in existence, produce documents responsive to this request. Palm need not conduct any search of its electronic files, including email, unless particular documents necessary to respond to this request do not exist in hard-copy format but do exist in electronic format.

h.   **Microsoft Refusals To Provide Technical Assistance To Palm Concerning Interoperability Of Palm Products With Microsoft's Desktop OS**. Palm will conduct a good-faith inquiry among personnel it believes would have relevant documents or information responsive to this request if they were to exist at all. Palm need not conduct any search of its electronic files, including email, unless particular documents necessary to respond to this request do not exist in hard-copy format but do exist in electronic format. Palm will provide a general description of which personnel were surveyed during this inquiry, as well as produce documents and information, if any exist.

i.   **Palm OS Profit Margin Information**. Palm will produce profit margin data for its OS Division in the form it exists for Palm's 2001 fiscal year.

10.   Notwithstanding the foregoing, to the extent that Microsoft objects on relevance grounds to its own production of documents described herein as discovery in the MDL proceeding, nothing in this Order shall prevent Microsoft from seeking relief from the Court presiding over the MDL proceedings from the requested production of documents addressed by this Order. This Order serves only to make clear that the Protective Order entered in the above-captioned case has been modified by this Order such that it shall not further serve to prevent Microsoft from providing the MDL Plaintiffs

10

with access to and use of the documents described above and pursuant to the

terms described above.

**SO ORDERED.**

_____

COLLEEN KOLLAR-KOTELLY
United States District Judge

11