FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 MAY -5 P 12: 46

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | ) <br> ) <br> ) | MDL No. 1332<br>Hon. J. Frederick Motz |
| BURST.COM, INC. v. MICROSOFT<br>CORPORATION | ) <br> ) <br> ) <br> ) | No. 02-CV-2952<br>Hon. J. Frederick Motz |

**NON-PARTY GATEWAY, INC.'S REPLY
TO MDL COMPETITOR PLAINTIFFS' SECOND MEMORANDUM
CONCERNING ACCESS TO THIRD PARTY DOCUMENTS
FROM THE STATES CASE**

Non-Party Gateway, Inc. ("Gateway") respectfully submits this reply to the competitor plaintiffs' April 30 Second Memorandum Concerning Access To Third Documents Produced To Microsoft, and in support of Gateway's April 11 Objections To The MDL Competitor Plaintiffs' Request For Access to Gateway Highly Confidential Material.

1. Plaintiffs ignore and otherwise misstate Gateway's objections to the competitor plaintiffs' request for all Gateway sealed and other highly confidential documents from the States case. Plaintiffs ignore Gateway's main point that plaintiffs' request should be denied because Judge Kollar-Kotelly already entered two seal orders covering various Gateway material from the States trial, and Gateway relied on the District of Columbia District Court's Stipulation and Protective Order in producing this and other highly confidential material in the States case. Plaintiffs err (at pp. 4, 6 and 7) in suggesting that Judge Kollar-Kotelly "remov[ed]" the confidentiality bar to plaintiffs' request for these Gateway documents, in denying that she "limited" the consumer class plaintiffs' access to such documents, and in asserting she "could not resolve" relevance arguments in the context of balancing plaintiffs' request against Gateway's

reasonable reliance on the District Court's confidentiality orders. In fact, Judge Kollar-Kotelly has properly declined thus far to grant any of the consumer class plaintiffs' request for access to sealed or other highly confidential Gateway documents from the States case.

Plaintiffs' attempt (at p. 4) to characterize its request as merely one "to order Microsoft to produce documents within its control" ignores the fact that the documents at issue are Gateway's, and that fairness must be considered in evaluating plaintiffs' request to obtain access to sealed and highly confidential third party documents under an MDL protective order that is undeniably different from, and thus would amount to a modification of, the District of Columbia District Court's confidentiality orders as to Gateway documents.

2. Plaintiffs' "relevance" assertions ignore the fact that plaintiffs provided Gateway with only the Burst complaint, and have identified no issues warranting their request for all sealed and other highly confidential Gateway documents. Burst tacitly acknowledges (at p. 6) that its main allegation of attempted monopolization in the video delivery market does not justify access to Gateway documents from the States case. Plaintiffs otherwise refer solely to their claim for monopolization of the PC operating systems market, yet admit (at. p. 6) that "Judge Kollar-Kotelly did not cite the Gateway evidence in rejecting all of the States' proposals for a more stringent remedy," and do not explain how Gateway documents from the States case are anything more than peripheral or atmospheric to the plaintiffs' claims in this case. The competitor plaintiffs have not shown any need for Gateway material that outweighs Gateway's confidentiality interest in its sealed and other highly confidential documents. The competitor plaintiffs' request for all such Gateway material from the States case should therefore be denied.

3. Finally, the plaintiffs misstate Gateway's position in stating (at p. 8) that, if the Court permits access to any Gateway highly confidential material from the States case, the Court should "impose a notice requirement before its documents are disclosed to any expert witness." Gateway does not request such broad notice, but does request notice and an opportunity to object before its highly confidential documents from the States case are disclosed to any plaintiffs' consultants who are litigation experts for a direct competitor of Gateway. Plaintiffs' complaint

2

(at p. 9) that such notice would be too complicated, scarcely justifies plaintiffs' refusal to provide notice before disclosing Gateway sealed or other highly confidential documents from the States case to any consultant who is a litigation expert for a known competitor of Gateway. Plaintiffs' counsel is up to the task, and Gateway's right to continued protection against inadvertent disclosure of its most highly confidential documents from the States case outweighs plaintiffs' counsel's preference for convenience.

Respectfully submitted,

Dated: May 5, 2003

John G. Froemming (Bar No. 12509)
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 783-0800

*Counsel for Non-Party Gateway, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2003, I caused a true and correct copy of the foregoing Reply to MDL Competitor Plaintiffs' Second Memorandum Concerning Access To Third Party Documents From The States Case to be served by first class mail and facsimile upon:

James P. Ulwick
KRAMON & GRAHAM, P.A.
One South Street
Baltimore, MD 21202

Bruce Wecker
HOSIE, FROST, LANGE & McARTHUR
One Market Street, Suite 2200
Spear Street Tower
San Francisco, CA 94105

James T. Southwick
SUSMAN, GODFREY, L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096

John B. Isbister
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street, 32nd Floor
New York, NY 10004

Dale A. Rice
HELLER, EHRMAN, WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, CA 94104

/s/ John G. Froemming
John G. Froemming by [initials]