# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | )<br>)<br>) | Case No. MDL DOCKET NO. 1332<br><br>JFM 02-CV-2952 |

### MICROSOFT CORPORATION'S AMENDED NOTICE OF DEPOSITION OF REMOVABLE MEDIA SOLUTIONS, INC.
### PURSUANT TO FED. RULE OF CIV. PRO. 30(B)(6)

PLEASE TAKE NOTICE that defendant Microsoft Corporation hereby amends it request pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, that third-party Removable Media Solutions, Inc. produce a designated representative to testify with respect to the matters described with particularity below. For the convenience of the deponent, the deposition is now scheduled to be held at Removable Media Solutions, Inc., 3235 Sunrise Boulevard, Suite 6, Rancho Cordova, California, 95742, beginning at 10:00 a.m. on November 10, 2003. All examinations shall be taken before a Notary Public or some other person authorized by law to administer oaths. Said examination will be recorded by stenographic and videotaped means.

## DEFINITIONS

A.      The words "you," "your," and "third-party," as used herein shall refer to Removable Media Solutions, Inc.

B.      "Microsoft" shall refer to Microsoft Corporation and all of its affiliates and subsidiaries and each of their respective employees, agents, attorneys, investigators, accountants, consultants, and all other persons acting on their behalf or under their direction and control.

C.      "Burst" shall refer to Burst.com, Inc., Instant Video Technologies, Inc., Explore Technologies, Inc. and each of its' affiliates and subsidiaries, as well as each of their respective employees, agents, attorneys, investigators, accountants, consultants, and all other persons acting on their behalf or under their direction and control.

## EXAMINATION TOPICS

Pursuant to Rule 30(b)(6), the matters on which examination is requested are identified with reasonable particularity as follows:

1.      Your communications with any Burst employee, representative or agent.

2.      The nature of the actual, planned, or contemplated commercial relationship between you and Burst.

3.      Your due diligence into any investment in Burst, any acquisition of Burst, any purchase of any Burst asset, or service, or any license of a Burst product.

4.      Your licensing, or negotiations to license Burst's technology.

5.      Your valuation of Burst's technology, including technical assessments, cost or profitability and patent applications.

6.      Your assessment of the validity, value, or utility of Burst's intellectual property, specifically including without limitation its patents.

7.    Your discussion and analysis of any decision to invest or not to invest in Burst, to acquire or not acquire Burst, to purchase or not to purchase any Burst asset, or, to license or not to license Burst's technology.

8.    Your discussions concerning, or in any way referring to, Burst.

9.    Any discussions of your decision to do business, or not to do business, or to discontinue doing business with Burst.

10.    Any discussions concerning any decision for you to withhold money that Burst claimed you owed it.

11.    Your knowledge of Burst, and dealings with Burst.

Dated:  October 31, 2003


David B. Tulchin
Philip L. Graham, Jr.
Richard C. Pepperman, II
SULLIVAN & CROMWELL
125 Broad Street
New York, NY  10004-2498
(212) 558-4000

Edward R. McNicholas (D.MD No. 24833)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000


Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Charles W. Douglas
John W. Treece
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 S. Dearborn Street
Chicago, Illinois  60603
(312) 853-7000


*Attorneys for Defendant Microsoft Corporation*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# United States District Court

### Eastern District of California

In Re Microsoft Corp
Antitrust Litigation

## SUBPOENA IN A CIVIL CASE

MDL Docket No. 1332
### District of Maryland

TO :  Removable Media Solutions, Inc.
Attention: Mary Lusi
3235 Sunrise Boulevard, Suite 6
Rancho Cordova, CA  95742

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Removable Media Solutions, Inc., 3235 Sunrise Boulevard, Suite 6, Rancho Cordova, CA 95742 | **November 10, 2003**<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule A Attached.**

| PLACE | DATE AND TIME |
|---|---|
| Bryan K. Anderson, Sidley Austin Brown & Wood, LLP, 555 California Street, San Francisco, CA  94104 | **November 8, 2003**<br>9:30 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INCIDATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Edward R. McNicholas* Counsel for Defendant Microsoft Corp. | October 31, 2003 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Edward R. McNicholas<br>Sidley Austin Brown & Wood LLP<br>1501 K. Street, N.W. Washington, D.C. 20005 | (202) 736-8010 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Local
Rule 104 of the United States District Court for the District of Maryland, defendant Microsoft
Corporation ("Microsoft") hereby requests that Removable Media Solutions, Inc. respond to this
Request for Production of Documents and produce the documents described below for inspection
and copying on November 10, 2003, at 9:30 a.m., at Sidley Austin Brown & Wood, LLP, 555
California Street, San Francisco, CA 94101. This request relates to the action brought by
Burst.com, Inc. ("Burst"), against Microsoft Corporation.

## INSTRUCTIONS

The following instructions are repeated verbatim from the U.S. District Court of
Maryland's Uniform Instructions and Definitions for Use in Discovery Requests, See L.R., App.
D. Supplemental Instructions immediately follow the Uniform Instructions.

1.      If, in responding to this Request for Production, you encounter any ambiguities
when construing a request or definition, the response shall set forth the matter deemed
ambiguous and the construction used in responding.

2.      Whenever in this Request you are asked to identify or product a document which
is deemed by you to be properly withheld from production for inspection or copying:

        a.  If you are withholding the document under claim of privilege (including,
but not limited to, the work product doctrine), please provide the information set forth in
Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the privilege
being asserted, the type of document, the general subject matter of the document, the date
of the document, and such other information as is sufficient to identify the document,

including, where appropriate, the author, addressee, custodian and any other recipient of the document and where not apparent, the relationship of the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

b.  If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, as to each document, state the information requested in ¶2.A., above and the reason for withholding the document.

3.      If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

**Supplemental Instructions**

4.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

5.      If a responsive document exists but is no longer in your possession, custody, or

control, state: its date, author(s), recipient(s), subject matter, when such document was not recently in your possession, custody, or control, what disposition was made of the document, and the person or entity, if any, now in possession, custody, or control of the document. If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document and the person who directed that the document be destroyed and state the reason for its destruction.

6.      In producing the documents requested, please furnish all documents within your possession, custody or control, regardless of whether such documents are possessed directly by you or by your attorneys, agents, employees, or representatives.

7.      If any of these documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating any information, knowledge, or belief you have concerning the unproduced portion.

8.      If the requested documents are maintained in a file, the file folder is included in the request for production of these documents.

9.      If any document requested is stored on computer disk, CD-Rom, hard drive, back-up system or in any other electronic form, including, but not limited to e-mails, voice or phone recordings, a paper copy or transcription shall be generated and produced.

10.     No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

11.     The terms "and" and "or" shall be construed either disjunctively or conjunctively

as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

12.     The terms "any" and "all" shall be construed to mean both "any" and "all."

13.     The term "including" shall be construed to mean "including but not limited to."

14.     Words in the masculine, feminine, or neuter form shall include each of the other genders.

15.     The singular shall be construed to include the plural and the plural shall be construed to include the singular.

16.     The present tense shall be construed to include the past and future tenses.

17.     The specificity of any request herein shall not be construed to limit the generality or reach of any other request herein.

18.     Unless otherwise specified, this Request calls for the production of documents created, delivered, distributed, sent, received, accessed, modified or in effect from January 1, 1994, through the date of your response to this Request.  These Requests are ongoing, and you are under a continuing duty to supplement your production with documents obtained, generated or otherwise found subsequent to the preparation and filing of a response to each request.

## DEFINITIONS

### Uniform Definitions

The following definitions are repeated verbatim from the U.S. District Court of the Maryland's Uniform Instructions and Definitions for Use in Discovery Requests. See L.R., App. D. Supplemental Definitions immediately follow the Uniform Definitions.

1. The term "communication" means the transmittal of information by any means.

2. The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

### Supplemental Definitions

In addition to the Uniform Definitions and the definitions set forth in the Federal Rules of Civil Procedure, the following Supplemental Definitions apply to each of the discovery requests set forth herein.

1. The term "document" shall include, without limitation, all document and things discoverable under Rule 34 or 45 of the Federal Rules of Civil Procedure including, without limitation, all audiotapes, videotapes, electronic recordings, hard drives, MPEG, or other alternative media information.

2. The term "concerning" means, without limitation, mentioning, discussing, evidencing, constituting, describing, involving, relating to or referring to.

3. The term "Burst" means Burst.com, Inc., Instant Video Technologies, Inc., Explore Technologies, Inc. and their subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

4.    The term "communication" means the transmittal of information by any means.

5.    The terms "concerning" or "relating to" mean, without limitation, mentioning, discussing, evidencing, constituting, describing, or referring to.

6.    The term "document" shall include, without limitation, all documents and things discoverable under Rule 34 or 45 of the Federal Rules of Civil Procedure including, without limitation, all audiotapes, videotapes, electronic recordings, hard drives, MPEG or other alternative media information.

7.    The term "Microsoft" means Microsoft Corporation and its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

8.    The terms "You" and "Your" include the entity to whom this subpoena is addressed, and all of that entity's subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

9.    The term "Removable Media Solutions, Inc." means Removable Media Solutions, Inc., subsidiaries and affiliated entities specifically including Removable Media Solutions, Inc.; the officers, directors, employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and any person acting on behalf of any of the foregoing.

## **DOCUMENTS TO BE PRODUCED**

1.    All documents consisting of, or concerning, communications with any Burst employee, representative or agent.

2.    All documents concerning the nature of the actual, planned, or contemplated commercial relationship between you and Burst.

3.    All documents concerning any due diligence into any investment in Burst, any acquisition of Burst, any purchase of any Burst asset, or service, or any license of a Burst product

4.    All documents concerning the licensing of Burst's technology.

5.    All documents concerning evaluation of Burst's technology, including technical assessments, cost or profitability and patent applications.

6.    All documents concerning the validity, value, or utility of Burst's intellectual property, specifically including without limitation its patents.

7.    All documents concerning any decision to invest or not to invest in Burst, to acquire or not acquire Burst, to purchase or not to purchase any Burst asset, or, to license or not to license Burst's technology.

8.    All documents concerning, or in any way referring to, Burst.

9.    All documents concerning your decision to do business, or not to do business or to discontinue doing business with Burst.

10.    All documents concerning any decision to withhold money that Burst claimed you owed it.

## PROOF OF SERVICE BY MAIL

I, Edward R. McNicholas, declare as follows:

I am employed with the law firm of Sidley Austin Brown & Wood LLP, whose address is 1501 K. Street, N.W. Washington, D.C. I am over the age of eighteen years and not a party to this action.

On October 31, 2003, I served the following:

- AMENDED NOTICE OF DEPOSITION

- SUBPOENA IN A CIVIL CASE

on the below parties in this action by placing true copies thereof in sealed envelopes postage pre-paid with the United States Postal Service on this day addressed as show on the attached service list.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed at Washington, D.C., on October 31, 2003.

_____
Edward R. McNicholas

**SERVICE LIST FOR PLAINTIFFS' COUNSEL – MDL 1332 Microsoft Competitor Cases**

**COUNSEL FOR SUN MICROSYSTEMS, INC.**

Lloyd R. Day, Jr.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Phone:        408.255.3255
Fax:           408.873-0200
Email:        daylr@daycasebeer.com

Kevin J. Arquit
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY  10017-3954
Phone:        212.455.2000
Fax:           212.455.2502
Email:        karquit@stblaw.com

John B. Ibister
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
Phone:        410.752.9700
Fax:           410.727.5460
Email:        jisbister@tydingslaw.com

**COUNSEL FOR BURST.COM, INC.**

Bruce J. Wecker
Hosie, Frost, Large & McArthur LLP
Spear Street Tower
One Market Street
San Francisco, CA  94105
Phone:        415.247.6000
Fax:           415.247.6001
Email:        bwecker@hosielaw.com