UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | ) Case No. MDL DOCKET NO. 1332<br>)<br>) JFM 02-CV-2952 |

## MICROSOFT CORPORATION'S NOTICE OF DEPOSITION OF REALNETWORKS, INC.
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

PLEASE TAKE NOTICE that defendant Microsoft Corporation hereby requests pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, that RealNetworks, Inc. produce a designated representative to testify with respect to the matters described with particularity below. The deposition is tentatively scheduled for 9:00 A.M., December 10, 2003. The deposition is tentatively scheduled to be held at Preston Gates Ellis LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158. Counsel shall coordinate the actual time and place of the deposition consistent with this Court's orders governing depositions.

All examinations shall be taken before a Notary Public or some other person authorized by law to administer oaths. Said examination will be recorded by stenographic and videotaped means.

## DEFINITIONS

A.  "RealNetworks," "you," and "your," as used herein shall refer to RealNetworks, Inc. and all of its affiliates and subsidiaries and each of their respective employees, agents, attorneys, investigators, accountants, consultants, and all other persons acting on their behalf or under their direction and control.

B.  "Microsoft" shall refer to Microsoft Corporation and all of its affiliates and subsidiaries and each of their respective employees, agents, attorneys, investigators, accountants, consultants, and all other persons acting on their behalf or under their direction and control.

C.  "Burst" shall refer to Burst.com, Inc., Instant Video Technologies, Inc., Explore Technologies, Inc. and each of its' affiliates and subsidiaries, as well as each of their respective employees, agents, attorneys, investigators, accountants, consultants, and all other persons acting on their behalf or under their direction and control.

## EXAMINATION TOPICS

Pursuant to Rule 30(b)(6), the matters on which examination is requested are identified with reasonable particularity as follows:

1.  Whether RealNetworks believed that Sections 6.3 and 6.4 of the Media File Format and Marketing Agreement dated July 18, 1997 between RealNetworks and Microsoft ("MFFMA") applied to all versions of its Player, as opposed to the versions "that Microsoft distributes with Internet Explorer." (*See* Section 1.9).

2.  Whether RealNetworks believed that the MFFMA was still in effect during the year 2000 or later.

3. Whether RealNetworks believed it had an obligation, under the MFFMA or any other agreement with Microsoft, to obtain Microsoft's consent in order to release or distribute RealPlayer 5.0, the RealSystem G2 RealPlayer, or any subsequent version of the RealNetworks Player.

4. Whether RealNetworks believed it had an obligation, under the MFFMA or any other agreement with Microsoft, to notify Microsoft before including or supporting in its Player any codec, datatype, streaming format, filter, programming interface or protocol not included in or supported by RealPlayer 4.0.

5. Whether RealNetworks believed it had an obligation, under the MFFMA or any other agreement with Microsoft, to notify Microsoft or obtain Microsoft's consent before permitting or supporting any plug-ins for RealNetworks' Player.

6. Whether, in connection with RealPlayer 5.0, the RealSystem G2 RealPlayer, or any subsequent version of the RealNetworks Player, RealNetworks sought or obtained Microsoft's consent to:

   a. the addition of new codecs or the modification of any codecs that were found in RealPlayer 4.0 (such as the RealPlayer 5.0 voice codec or the Real G2 music codec);

   b. the addition of datatypes or streaming formats that were not supported by RealPlayer 4.0 (such as Flash animation, RealText, RealText 3D or RealPix);

   c. the addition of streaming formats, transport technologies or filters that were not included in Real Player 4.0 (such as video post-filtering or SureStream transport technology); or

   d. the support or inclusion of programming interfaces or protocols that were not found in or supported by RealPlayer 4.0 (such as the RealTime Streaming Protocol or Synchronized Multimedia Integration Language).

7. Whether RealNetworks sought or obtained Microsoft's consent to any of the following actions in connection with its Player:

   a. including Macromedia's Flash streaming animation technologies;

   b. developing a streaming media cache solution with Inktomi Corp.;

   c. incorporating Intel's Web Streaming Video technology;

   d. offering Intel's Web Design Effects Software as a plug-in to deliver streaming 3D graphics;

   e. integrating Lariat Software's Stats and StatsSnapshot statistical and reporting software;

   f. releasing iQfx, which integrated the 3D streaming audio technology of Qsound Labs, Inc. into RealPlayer G2;

   g. including Excite, Inc.'s Audio/Video Search as a component of RealPlayer G2;

   h. integrating AOL's Instant Messenger service into RealPlayer G2;

   i. supporting videoconferencing with Polycom StreamStation.

8. Whether RealNetworks notified Microsoft or sought Microsoft's consent before entering into the following arrangements:

   a. the strategic porting and marketing agreement with Sun Microsystems, Inc. announced on January 26, 1998;

b.  the agreement with Digital Equipment Corp. announced on March 11, 1998; or

c.  the porting, distribution and marketing agreement with SCO announced on March 11, 1998.

9.  Whether RealNetworks obtained Microsoft's consent before permitting or supporting any plug-ins for RealNetworks's Player.

10. Whether, prior to the year 2000, Burst.com, Inc. or Instant Video Technologies ("Burst") made any concrete proposals to RealNetworks for the licensing of Burst's technology or for permitting Burst to distribute a plug-in for the RealNetworks Player.

11. Whether any agreement with Microsoft prevented or deterred RealNetworks from licensing any of Burst's software or patents or from permitting Burst to build and distribute a plug-in compatible with RealNetworks's Player.

Dated: November 17, 2003

David B. Tulchin
Philip L. Graham, Jr.
Richard C. Pepperman, II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

_/s/ Edward R. McNicholas_
Edward R. McNicholas (D.MD No. 24833)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Charles W. Douglas
David M. Schiffman
John W. Treece
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Defendant Microsoft Corporation*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### Western District of Washington

| | |
|---|---|
| In Re Microsoft Corp.<br>Antitrust Litigation | **SUBPOENA IN A CIVIL CASE**<br>MDL Docket No. 1332<br>District of Maryland |

TO : **RealNetworks, Inc.**
     Attention: Robert R. Kimball
     2601 Elliott Avenue, Suite 1000
     Seattle, WA  98111-9223

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attached Notice.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Preston Gates Ellis LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158 | **December 10, 2003**<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INCIDATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Counsel for Defendant Microsoft Corp. | November 17, 2003 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Edward R. McNicholas, Sidley Austin Brown & Wood LLP<br>1501 K. Street, N.W.<br>Washington, D.C. 20005 | (202) 736-8010 |

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE BY MAIL

I, Sanders L. Adu, declare as follows:

I am employed with the law firm of Sidley Austin Brown & Wood LLP, whose address is 1501 K. Street, N.W. Washington, D.C. I am over the age of eighteen years and not a party to this action.

On November 17, 2003, I served the following:

- MICROSOFT CORPORATION'S NOTICE OF DEPOSITION OF REALNETWORKS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

- SUBPOENA IN A CIVIL CASE

on the below parties in this action by placing true copies thereof in sealed envelopes postage pre-paid with the United States Postal Service on this day addressed as show on the attached service list.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed at Washington, D.C., on November 17, 2003.

*/s/ Sanders L. Adu*
Sanders L. Adu

## SERVICE LIST FOR PLAINTIFFS' COUNSEL – MDL 1332 Microsoft Competitor Cases

**COUNSEL FOR SUN MICROSYSTEMS, INC.**

Lloyd R. Day, Jr.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Phone:      408.255.3255
Fax:        408.873-0200
Email:      daylr@daycasebeer.com

Kevin J. Arquit
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017-3954
Phone:      212.455.2000
Fax:        212.455.2502
Email:      karquit@stblaw.com

John B. Ibister
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Phone:      410.752.9700
Fax:        410.727.5460
Email:      jisbister@tydingslaw.com

**COUNSEL FOR BURST.COM, INC.**

Bruce J. Wecker
Hosie, Frost, Large & McArthur LLP
Spear Street Tower
One Market Street
San Francisco, CA 94105
Phone:      415.247.6000
Fax:        415.247.6001
Email:      bwecker@hosielaw.com