IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE MICROSOFT CORP. ANTITRUST LITIGATION**<br><br>**This Document relates to:**<br><br>*Burst.com, Inc. v. Microsoft Corp.*,<br><br>**Civil Action No JFM-02-cv-2952** | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |

**BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Plaintiff and Counter-Defendant Burst.com, Inc. ("Burst") hereby replies to the First Amended Answer, Affirmative Defenses and Counterclaims brought by Defendant Microsoft Corporation ("Microsoft").

**Introduction**

1. Burst admits that Microsoft purports to bring a counterclaim for declaratory judgment for non-infringement, direct or indirect, of any valid claims of certain patents allegedly owned by Burst. Burst admits Microsoft seeks a declaration that the claims of these patents are invalid or otherwise unenforceable. Burst denies that Microsoft is entitled to any such relief.

### The Parties

2.      Upon information and belief, Burst admits that Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

3.      Burst admits that Burst is a Delaware corporation but denies that its principal place of business is Santa Rose, California.  Burst is located in Santa Rosa, California.

### Jurisdiction and Venue

4.      Burst admits that Microsoft purports to bring its counterclaims for Declaratory Judgment as to the validity and non-infringement of the claims of U.S. patent numbers 4,963,995; 5,164,839 and 5,995,705.  Burst admits that Microsoft purports to bring this action under the patent laws of the United States and the Declaratory Judgment Act.

5.      Burst admits that this court has proper subject matter jurisdiction over Microsoft's counterclaims.  Burst admits this court has proper venue over Microsoft's counterclaims.

### Background

6.      Upon information and belief, Burst admits the allegations of Paragraph 6 of the counterclaim.

7.      Burst admits the allegations of Paragraph 7 of the counterclaim.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

2

8. Burst admits the allegations of Paragraph 8 of the counterclaim.

9. Burst admits the allegations of Paragraph 9 of the counterclaim.

10. Burst admits the allegations of Paragraph 10 of the counterclaim.

## COUNT I

### Declaration of Non-Infringement of U.S. Patent No. 4,963,995

11. Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 10 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 10 as set forth above.

12. Burst denies the allegations of Paragraph 12 of the counterclaim.

13. Burst denies the allegations of Paragraph 13 of the counterclaim.

## COUNT II

### Declaration of Non-Infringement of U.S. Patent No. 5,164,839

14. Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 13 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 13 as set forth above.

15. Burst denies the allegations of Paragraph 15 of the counterclaim.

16. Burst denies the allegations of Paragraph 16 of the counterclaim.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

3

## COUNT III

### Declaration of Non-Infringement of U.S. Patent No. 5,995,705

17.  Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 16 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 16 as set forth above.

18.  Burst denies the allegations of Paragraph 18 of the counterclaim.

19.  Burst denies the allegations of Paragraph 19 of the counterclaim.

## COUNT IV

### Declaration of Invalidity of U.S. Patent No. 4,963,995

20.  Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 19 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 19 as set forth above.

21.  Burst denies the allegations of Paragraph 21 of the counterclaim.

22.  Burst denies the allegations of Paragraph 22 of the counterclaim.

## COUNT V

### Declaration of Invalidity of U.S. Patent No. 5,164,839

23.  Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 22 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 22 as set forth above.

**BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

4

24. Burst denies the allegations of Paragraph 24 of the counterclaim.

25. Burst denies the allegations of Paragraph 25 of the counterclaim.

## COUNT VI

### Declaration of Invalidity of U.S. Patent No. 5,995,705

26. Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 25 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 25 as set forth above.

27. Burst denies the allegations of Paragraph 27 of the counterclaim.

28. Burst denies the allegations of Paragraph 28 of the counterclaim.

## COUNT VII

### Declaration of Unenforceability of U.S. Patent No. 5,995,705

29. Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 28 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 28 as set forth above.

30. Burst denies the allegations of Paragraph 30 of the counterclaim.

31. Burst admits the allegation of Paragraph 31 of the counterclaim as to U.S. Patent Number 4,499,568 having issued on February 12, 1985 to Jacques Gremillet and is prior art to the patents-in-suit in that it was issued before the patents-in-suit. Burst

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

5

denies the allegation of Paragraph 31 of the counterclaim as to Gremillet disclosing subject matter material to the patentability of the asserted claims of the '995, '839 and '705 patents. Burst admits the allegation of Paragraph 31 of the counterclaim as to Gremillet disclosing a system and process for distributing recorded information at an accelerated speed. Burst denies the allegation of Paragraph 31 of the counterclaim that a reasonable patent examiner would have at all times considered Gremillet important in deciding whether to allow the applications for the patents-in-suit to issue.

32.  Burst denies the allegation of Paragraph 32 of the counterclaim that during the prosecution of the '705 patent, Richard Lang and William Hein were aware of Gremillet and its materiality to the patentability of the inventions disclosed and claimed therein. Burst admits the allegation of Paragraph 32 of the counterclaim that a facsimile from Ingrid Fortunati at Burst to Mr. Lang enclosed the Gremillet reference and indicated it came from Mr. Hein's files. Burst admits the allegation of Paragraph 32 of the counterclaim that Messrs. Lang and Hein did not disclose Gremillet to the PTO at any time during the prosecution of the '705 patent. Burst denies the allegation of Paragraph 32 of the counterclaim that this omission was intentional and designed to deceive the PTO. Burst denies the allegation of Paragraph 32 of the counterclaim that a reasonable patent examiner would have at all times considered Gremillet important in deciding whether to allow the application for the '705 patent to issue.

33.  Burst admits the allegation of Paragraph 33 of the counterclaim that the European Patent Office issued an Office Action dated April 22, 1994 for application

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

6

number 90 902 741.9 before the filing of the '705 patent.  Burst admits the allegation of Paragraph 33 of the counterclaim that the office action identified Hildering et al., Parker et al. and Gremillet as prior art references.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 33 of the counterclaim that the Australian Patent Office cited Australian Patent Specification 481,151 on July 12, 1991 in that Microsoft fails to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation.  Burst denies the allegation of Paragraph 33 of the counterclaim that these four references disclose subject matter material to the patentability of the asserted claims of the '705 patent.  Burst denies the allegation of Paragraph 33 of the counterclaim that Hildering discloses a transceiver apparatus that is capable of transmitting time compressed audio and video information in that Hildering discloses a system which allows the display of images stored on a compact-disc and the display of those pictures at a 50 Hz rate and flicker free rate of 100 Hz.  Burst denies the allegation of Paragraph 33 of the counterclaim that Parker discloses a method and apparatus for producing a recording using a time compressed transmission in that Parker discloses method and apparatus for producing an audio magnetic tape recording at high speed from a preselected music library.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 33 of the counterclaim that Gremillet discloses a process for transmitting recorded musical works in time compressed format as the referenced European publication is in French and on that basis denies the allegation.  Burst admits the

**BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

7

allegation of Paragraph 33 of the counterclaim that all the claims of the then pending European patent application were deemed not to be patentable over one or more of the three references while noting the European patent application is not a patent-in-suit and that this interim decision had no impact on the patentability of the inventions at issue in this suit.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 33 of the counterclaim that the Newell Specification discloses an apparatus for receiving audio and video data, time compressing it, and transmitting it in less than its play time as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation.  Burst denies the allegation of Paragraph 33 of the counterclaim that a reasonable U.S. patent examiner would have at all times considering Hildering, Parker, Gremillet and the Newell Specification important in deciding whether to allow the applications for the patents-in-suit to issue as it is an unsupported presumption the patent laws of the U.S., Europe and Australia are so similar as to cause an Australian or European Patent Office Examiner's rejections in a legally separate and distinct patent application to be relevant and/or applicable to the patents-in-suit.

      34.    Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 34 of the counterclaim where the EPO Office Action dated April 22, 1994 was received by Mr. Hein and Mr. Lang by mail shortly after that office issued it and on that basis denies the allegation.  Burst is without sufficient knowledge to admit or deny the

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

8

allegation of Paragraph 34 of the counterclaim as to the Australian Examination Report, dated July 12, 1991, being received by Mr. Hein and Mr. Lang shortly after that office issued it as Microsoft has failed to identify any particular patent application in which the Australian Patent Office issued such an Examination Report and on that basis denies the allegation. Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 34 of the counterclaim that Mr. Hein and Mr. Lang were, before and during the prosecution of the '705 patent, aware of Hildering, Parker, Gremillet and the Newell Specification and their materiality to the patentability of the inventions disclosed and claimed in the patents-in-suit through his receipt of the EPO and Australian Office Action and on that basis denies the allegation. Burst admits the allegation of Paragraph 34 of the counterclaim that Mr. Hein and Mr. Lang did not disclose these four pieces of art to the PTO at any time during the prosecution of the '705 patent. Burst denies the allegation of Paragraph 34 of the counterclaim that this omission was intentional and designed to deceive the PTO.

35. Burst denies the allegation of Paragraph 35 of the counterclaim.

## COUNT VIII

### Declaration of Unenforceability of U.S. Patent No. 5,174,839

36. Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 35 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 35 as set forth above.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

9

37.     Burst denies the allegations of Paragraph 37 of the counterclaim.

38.     Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 38 of the counterclaim that the Australian Patent Office cited Australian Patent Specification 481,151 on July 12, 1991 in that Microsoft fails to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 38 of the counterclaim that the Newell Specification discloses subject matter material to the patentability of the asserted claims of the '839 patent as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 38 of the counterclaim that the Newell Specification discloses an apparatus for receiving audio and video data, time compressing it, and transmitting it in less than its play time as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 38 of the counterclaim that a reasonable U.S. patent examiner would have at all time considered the Newell Specification important in deciding whether to allow the application for the '839 patent to issue as Burst is without knowledge sufficient to admit or deny that the Newell Specification discloses an apparatus for receiving audio and video data, time compressing it, and transmitting it

**BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

10

in less than its play time as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited such a specification and on that basis denies the allegation; further, it is an unsupported presumption the patent laws of the U.S. and Australia are so similar as to cause an Australian Patent Office Examiner's rejections in a legally separate and distinct patent application to be relevant and/or applicable to the patents-in-suit.

   39. Burst is without sufficient knowledge to admit or deny the allegation of Paragraph 39 of the counterclaim as to the Australian Examination Report, dated July 12, 1991, being received by Mr. Hein and Mr. Lang shortly after that office issued it as Microsoft has failed to identify any particular patent application in which the Australian Patent Office issued such an Examination Report and on that basis denies the allegation.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 39 of the counterclaim that Mr. Hein and Mr. Lang were, before and during the prosecution of the '839 patent, aware of the Newell Specification and its materiality to the patentability of the inventions disclosed and claimed in the patents-in-suit through their receipt of the Australian Office Action as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited the Newell specification and on that basis denies the allegation.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 39 of the counterclaim that Mr. Hein and Mr. Lang, despite their knowledge, did not disclose the Newell Specification to the PTO at any time during prosecution of the '839 patent as Microsoft has failed to

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

11

identify any particular patent application in which the Australian Patent Office cited the Newell specification and on that basis denies the allegation; Burst does admit, however, that the Newell Specification was never cited to the PTO during the prosecution of the '839 patent.  Burst is without knowledge sufficient to admit or deny the allegation of Paragraph 39 of the counterclaim that this omission was intentional and designed to deceive the PTO as Microsoft has failed to identify any particular patent application in which the Australian Patent Office cited the Newell specification and on that basis denies the allegation; Burst further denies that any such omission, if it occurred, was not intentional or designed to deceive the PTO.

  40. Burst denies all the allegations set forth in Paragraph 40 of the counterclaim.

  41. Burst denies the allegations of Paragraph 41 of the counterclaim as to Messrs. Lang and Hein having committed inequitable conduct by withholding material prior art from the PTO during the prosecution of the '705 patent which renders the claims of the '705 patent unenforceable and which thereby renders the claims of the '839 patent unenforceable by the doctrine of infectious unenforceability.  Burst admits the allegation of Paragraph 41 of the counterclaim that the '995, '839 and '705 patent have an immediate and necessary relationship with each other to the extent that the '705 patent claims the priority benefit of the '839 patent which claims the priority benefit of the '995 patent.  Burst denies the allegations of Paragraph 41 of the counterclaim concerning the continuation and divisional relationships of the '705, '839 and '995

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

12

patents in that the '705 patent is the ultimate continuation of a divisional from the '839 patent which is a divisional of a continuation-in-part of the '995 patent. Burst denies the allegations of Paragraph 41 of the counterclaim that the specifications of the '839 and '705 patents are substantively identical. Burst denies the allegations of Paragraph 41 of the counterclaim that the claims of all three patents are directed to apparatus and method for handling and transmitting audio/video information utilizing time compression in that the claims of the three patents also cover, *inter alia*, an audio/video information transfer network

42.     Burst denies all the allegations of Paragraph 42 of the counterclaim.

## COUNT IX

### Declaration of Unenforceability of U.S. Patent No. 4,963,995

43.     Burst admits that Microsoft purports to incorporate by reference Paragraphs 1 through 42 of its counterclaim. Burst repeats and re-alleges Paragraphs 1 through 42 as set forth above.

44.     Burst denies the allegations of Paragraph 44 of the counterclaim as to Messrs. Lang and Hein having committed inequitable conduct by withholding material prior art from the PTO during the prosecution of the '705 patent which renders the claims of the '705 patent unenforceable and which thereby renders the claims of the '995 patent unenforceable by the doctrine of infectious unenforceability. Burst admits the allegation of Paragraph 40 of the counterclaim that the '995, '839 and '705 patent have an immediate and necessary relationship with each other to the extent that the '705

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

13

patent claims the priority benefit of the '839 patent which claims the priority benefit of the '995 patent. Burst denies the allegations of Paragraph 40 of the counterclaim concerning the continuation and divisional relationships of the '705, '839 and '995 patents in that the '705 patent is the ultimate continuation of a divisional from the '839 patent which is a divisional of a continuation-in-part of the '995 patent. Burst denies the allegations of Paragraph 40 of the counterclaim that the specifications of the '839 and '705 patents are substantively identical. Burst denies the allegations of Paragraph 40 of the counterclaim that the claims of all three patents are directed to apparatus and method for handling and transmitting audio/video information utilizing time compression in that the claims of the three patents also cover, *inter alia*, an audio/video information transfer network.

45.     Burst denies all the allegations set forth in Paragraph 41 of the counterclaim.

### BURST'S AFFIRMATIVE DEFENSES TO MICROSOFT'S COUNTERCLAIMS

#### First Affirmative Defense

Microsoft's claims of unenforceability based on alleged inequitable conduct are barred, in whole or in part, by the doctrine of unclean hands as Microsoft is presently engaged in the ongoing commission of fraud on the Patent Office and/or engaging in otherwise ongoing inequitable conduct by failing to cite prior art material to

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

14

patentability to the Patent Office which, by itself or in combination with other information, establishes a *prima facie* case of unpatentability or otherwise refutes or proves to be inconsistent with a position of Microsoft patent applications.

### Second Affirmative Defense

Microsoft's claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

Microsoft has failed to state a claim upon which relief can be granted, including the doctrine of infectious unenforceability.

### Fourth Affirmative Defense

No basis exists for Microsoft's counterclaims that certain actions of Burst make this an exceptional case under 35 U.S.C. § 285.

### Fifth Affirmative Defense

Microsoft cannot satisfy its burden, in whole or in part, of demonstrating that it has not directly, indirectly, contributorily or by inducement infringed the patents-in-suit.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

15

**Sixth Affirmative Defense**

Microsoft cannot satisfy its burden, in whole or in part, of demonstrating that the patents-in-suit are invalid.

**Seventh Affirmative Defense**

Microsoft cannot satisfy its burden, in whole or in part, of demonstrating that the patents-in-suit are unenforceable.

**Eighth Affirmative Defense**

Any information not provided by Burst and/or its attorney to the Patent Office, *inter alia*, did not constitute prior art.

**Ninth Affirmative Defense**

Any information not provided by Burst and/or its attorneys to the Patent Office, *inter alia*, did not establish, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim.

**Tenth Affirmative Defense**

Any information not provided by Burst and/or its attorneys to the Patent Office, *inter alia*, did not refute or prove to be inconsistent with a position taken by Burst in any application filed by Burst arguing for patentability.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

16

### Eleventh Affirmative Defense

Any information not provided by Burst and/or its attorney to the Patent Office was not material to patentability in that, *inter alia*, it was cumulative to information already of record or being made of record in the application.

### Twelfth Affirmative Defense

Any information not provided by Burst and/or its attorneys to the Patent Office, *inter alia*, was not motivated by intent to deceive.

### Thirteenth Affirmative Defense

There exists adequate good faith to refute any inference of intent to deceive the Patent Office.

### Fourteenth Affirmative Defense

There does not exist clear and convincing evidence as to any asserted inequitable conduct.

### Fifteenth Affirmative Defense

Burst and/or its attorneys cited the U.S. equivalent of European publication 0283727 (Parker) in that 0283727 claims the priority benefit of U.S. patent application 17,339 filed February 20, 1987 and subsequently abandoned. U.S. patent application

**BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

17

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

314,269 (now U.S. patent 4,851,931) is a continuation of application 17,339 and is cited on the face of the patents-in-suit.

**Sixteenth Affirmative Defense**

Any reference to the prosecution history of any patent or application outside of the United States is irrelevant to the prosecution of the patents-in-suit.

**PRAYER FOR RELIEF**

1. For an order denying Microsoft's requested declarations; and

2. For such additional relief as the Court may find just and proper.

December 31, 2003

SPENCER HOSIE (Ca Bar # 101777)
BRUCE J. WECKER (Ca Bar # 078530)
GEORGE BISHOP (Ca Bar # 89205)
**HOSIE, FROST, LARGE & McARTHUR**
One Market, Spear Street Tower, 22nd Floor
San Francisco, CA 94105
Telephone: 415-247-6000

ROBERT YORIO (Ca Bar # 93178)
COLBY B. SPRINGER (Ca Bar # 214868)
**CARR & FERRELL *LLP***
2200 Geng Road
Palo Alto, CA 94303
Telephone: 650-812-3400

By: _/s/_____
    Bruce J. Wecker
    Attorneys for Plaintiff Burst.com, Inc.

BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

18

## PROOF OF SERVICE

I am employed in the State of California, County of San Francisco. I am over 18 years of age and am not party to the within action. My business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105.

ON DECEMBER 31, 2003, I SERVED BURST.COM'S REPLY AND AFFIRMATIVE DEFENSES TO MICROSOFT CORPORATION'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS UPON COUNSEL NAMED BELOW AS INDICATED:

John W. Treece *(via facsimile and FedEx)*
**SIDLEY AUSTIN BROWN & WOOD LLP**
Bank One Plaza
10 South Dearborn Street
Chicago, IL  60603
Fax: 312-863-7036

Bryan K. Anderson *(via facsimile and messenger)*
**SIDLEY AUSTIN BROWN & WOOD LLP**
555 California Street
Suite 5000
San Francisco, CA  94104-1715
Fax: 415-397-4621

Executed this 31st day of December, 2003.

  /s/ _____

Lynne Rose