# EXHIBIT K

Ap. 2615



IN THE

UNITED STATES PATENT AND TRADEMARK OFFICE

ART UNIT 2615

Examiner H. Nguyen

#19 E
Rose
9-20-95

"Express Mail" mailing label number TB066139601
Date of Deposit August 28, 1995

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

William E. Hein
(Type or printed name of person mailing paper or fee)
_____
(Signature of person mailing paper or fee)

Richard A. Lang

CASE         284

SERIAL NO.   07/976,542

FILED        November 16, 1992

SUBJECT      BURST TRANSMISSION APPARATUS AND METHOD FOR AUDIO/VIDEO
             INFORMATION (AS AMENDED)

---

THE COMMISSIONER OF PATENTS AND TRADEMARKS
   WASHINGTON, D.C. 20231

SIR:

AMENDMENT "C"

In response to the Office Action mailed February 27, 1995, please amend the above-identified patent application as indicated by the following:

In the claims

Please amend claims 27, 43, 44, 61, 74, 99, and 105 as follows:

27. (twice amended) An audio/video transceiver apparatus comprising:

input means for receiving audio/video source information, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs;

compression means, coupled to said input means, for compressing said audio/video source information into a time compressed representation thereof, said time compressed representation having an associated burst time period that is shorter than a time period associated with real time viewing of said audio/video source information;

storage means, coupled to said compression means, for storing the time

1

compressed representation of said audio/video source information;

output means, coupled to said storage means, for receiving the time compressed representation of said audio/video source information stored in said storage means and for serially transmitting said time compressed representation of said audio/video source information <u>away</u> <u>from</u> <u>said</u> <u>audio/video</u> <u>transceiver</u> <u>apparatus</u> in [a] <u>said</u> burst time period that is shorter than [a] <u>said</u> time period associated with real time viewing of said audio/video source information; and

editing means, coupled to said storage means, for editing the time compressed representation of said audio/video source information stored in said storage means and for storing the edited time compressed representation of said audio/video source information in said storage means;

said output means being operative for receiving the edited time compressed representation of said audio/video source information stored in said storage means for transmission away from said audio/video transceiver apparatus <u>in a burst time period that is shorter than a time period associated with real time view of said edited time compress representation of said audio/video source information.</u>

43. (twice amended) An audio/video transceiver apparatus comprising:

input means for receiving audio/video source information as a time compressed representation thereof, said audio/video source information comprising a multiplicity of video frames in the form of one or more full motion video programs, said time compressed representation of said audio/video source information being received over an associated burst time period that is shorter than a time period associated with real time viewing of said audio/video source information;

storage means, coupled to said input means, for storing the time compressed representation of said audio/video source information received by said input means; and

output means, coupled to said storage means, for receiving the time

2

compressed representation of said audio/video source information stored in said storage means and for serially transmitting said time compressed representation of said audio/video source information away from said audio/video transceiver apparatus;

[said input means comprising a fiber optic input port; and]

said input means being coupled, via a <u>communication link</u> [fiber optic transmission line], to a <u>remotely located</u> video library, said video library storing a multiplicity of programs, each of said programs comprising a multiplicity of video frames in the form of a full motion video program, each of said programs being stored in said time compressed representation for selective retrieval, in said associated burst time period over said <u>communication link</u> [fiber optic transmission line], by the user.

44. (twice amended) An audio/video transceiver apparatus as in claim 43 <u>wherein said input means comprises a fiber optic input port and wherein said input means is coupled via a fiber optic transmission line to said remotely located video library</u> [in combination with a video library, coupled via a communication link with said audio/video transceiver apparatus, said video library storing a multiplicity of programs, each of said programs comprising a multiplicity of video frames in the form of a full motion video program, each of said programs being stored in said time compressed representation for selective retrieval, in said associated burst time period, over said communication link].

Claim 61, line 3, cancel "random access";

Claim 74, line 9, cancel "random access";

99. (amended) An audio/video transceiver apparatus as in claim 85 further comprising:

digital control unit means, <u>coupled to said storage means</u>, said digital control unit means comprising:

additional central processing unit means;

read-only memory means coupled to said additional central processing

3

E3
cancl

unit means for storing microinstructions defining a plurality of selected editing functions; and

additional controller means, coupled to said additional central processing unit means, for enabling communication between said additional central processing unit means and said read-only memory means;

said additional central processing unit means being operative for selectively executing the microinstructions stored in said read-only memory means to perform one or more of said plurality of selected editing functions.

E4
cancl

105. (twice amended) An audio/video transceiver apparatus as in claim 27 [further comprising editing means, coupled to said storage means,] wherein said editing means is further operative for editing said time compressed representation of said audio/video source information before it is stored in said storage means and for then storing the edited time compressed representation of said audio/video source information in said storage means.

4

Remarks

Claims 43, 61, 74, 99, 115, and 187 have been rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Specifically, the Examiner has questioned whether the reference to "video library" at line 2 of claim 42 is to the same element recited at line 40 of claim 43. Since line 2 of claim 42 does not contain the recitation noted by the Examiner, applicant assumes that the Examiner intended to cite line 2 of claim 44. Assuming that to be the case, applicant has amended both claims 43 and 44 to remove any possibility of ambiguity with respect to this terminology. The Examiner has also stated that claims 61 and 74, lines 3-4 and 9, respectively, lack antecedent basis for the phrase "said random access storage means." Accordingly, these claims have been amended to provide proper antecedent basis. The Examiner has questioned the cooperative structural relationship between the means recited in claim 99, lines 2-10, and the means recited in claim 85. Accordingly, claim 99 has been amended to specifically recite the structural interconnection between the claimed elements, in accordance with the requirements of MPEP 706.03(f). The Examiner has questioned the difference between the "editing means" recited in claim 105, lines 2-5, and the "editing means" recited in claim 27, lines 14-17. Accordingly, claim 105 has been amended to clarify that both recitations are to the same element. Finally, claims 115 and 187 have been deemed by the Examiner to be indefinite because they are dependent on cancelled claim 114. The Examiner is respectfully referred to applicant's Amendment "B" filed July 12, 1994, in which claim 115 was amended to be independent in form and in which claim 187 was amended to be dependent on claim 115. For the foregoing detailed reasons, it is respectfully submitted that claims 43, 61, 74, 99, 105, 115, and 187, as variously amended, all fully comply with the requirements of 35 U.S.C. 112, second paragraph.

Claims 27-41, 43-68, 70-113, 115-129, and 131-194 have been rejected

under 35 U.S.C. 103 as being unpatentable over Izeki et al. in view of the admitted prior art in the specification and Eggers et al. This rejection is respectfully traversed, particularly with respect to these claims, as variously amended. Claim 27, as amended, for example, is specifically directed to an audio/video transceiver having the ability to receive audio/video source information in the form of one or more <u>full motion video programs</u>, compress the received audio/video source information into a <u>time compressed representation</u> thereof having an <u>associated burst time period</u> that <u>is shorter than the time required to effect real time viewing</u> of the audio/video source information, store the time compressed representation of the audio/video source information, and then <u>transmit</u> the stored, time compressed representation of the audio/video source information <u>away from the transceiver in the associated burst time period.</u> Remaining independent claims 43, 55, 85, 113, 115, 131, 132, 143, 162, 173, and 194 contain substantially the same limitations. These very important specifically recited features of applicant's claimed invention are simply not shown or suggested by any of the cited references, taken alone or in any combination.

The Izeki et al. reference teaches an audio/video editing system whose primary purpose is to facilitate production of a new master tape containing the edited information. Izeki et al. contains absolutely no showing or suggestion whatsoever of compressing audio/video source information into a time compressed represenation thereof having an associated burst time period that is shorter than the time required to effect real time viewing of the audio/video source information, as specifically taught and claimed by applicant. Element 46 of Izeki et al., cited by the Examiner, is a conversion unit that does nothing more than convert the inputted video and/or audio data into a prescribed format (see column 2, lines 47-56 and column 7, lines 3-14 of Izeki et al.). While Izeki et al. mentions data compression as one type of conversion process, this is not the equivalent by any means of applicant's specifically claimed time compression. Izeki et al. contains absolutely no

recognition of the need for time compression of audio/video source information or of the transmission of time compressed audio/video source information in a burst time period, let alone of applicant's specifically claimed apparatus and method for doing so. In fact, Izeki et al. teaches away from applicant's claimed invention by focussing on the end result of producing an analog master tape within the apparatus (see column 6, line 60 through column 7, line 3 of Izeki et al.). The element 80 of Izeki et al., cited by the Examiner as being the equivalent of applicant's claimed output means, is nothing more than an interface to a storage device such as a magnetic tape (see column 6, lines 62-63 and column 8, lines 30-31 of Izeki et al., for example.) Neither interface 80 of Izeki et al. nor any other element described in that reference has the capability of applicant's specifically claimed output means to serially transmit a time compressed representation of audio/video source information away from the audio/video tranceiver in a burst time period that is shorter than a time period associated with real time viewing of the audio/video source information. Regardless of applicant's acknowledgment is his specification as to the commercial availability of components from which his invention could be fabricated, any attempted combination of these components, as suggested by the Examiner, in the apparatus taught by Izeki et al. would amount to a reconstruction of applicant's invention using hindsight. It is well settled law that in making a determination as to obviousness, the references must be read without the benefit of applicant's teachings. In re Meng, 181 USPQ 94, 97 (CCPA, 1974); In re Clifton, 527 F.2d 1226, 1888 USPQ 365 (CCPA, 1976).

Eggers et al. adds nothing to the teachings of Izeki et al. so as to render applicant's claims obvious. Rather, Eggers et al. is directed to an analog system for use by hotels that permits guests to access video programs, for example, from a central video library, much as audio recordings are selected from a jukebox. A limited number of video playback devices are provided at the central video library. The playback devices are connected to a common cable network that permits a hotel guest to view a selected video

7

program on his or her display terminal. The emphasis of the Eggers et al. reference is on a mechanical video cartridge handler that serves to mechanically retrieve a selected video cartridge from the central video library for playback on one of the centrally located playback devices. Like Izeki et al., the Eggers et al. reference contains absolutely no showing or suggestion whatsoever of time compression of audio/video source information or of the burst transmission of that time compressed audio/video source information, as specifically taught and claimed by applicant. Thus, it is applicant's position that combining these references as suggested by the Examiner would again amount to a reconstruction of applicant's invention using hindsight. Even assuming arguendo that the references could be combined without the benefit of applicant's teachings, it is submitted that they cannot be combined in an operative fashion since Izeki et al. is directed to a digital system and Eggers et al. is directed to an incompatible analog system. In re Lintner, 458 F.2d 1013, 173 USPQ 560, 562 (CCPA, 1972); In re Regel, 526 F.2d 139, 188 USPQ 136 (CCPA, 1975); In re Jansson, 609 F.2d 996, 20 USPQ 976 (CCPA, 1979). Moreover, any such combination would still fail to yield applicant's specifically claimed invention, again for the reasons set forth in detail hereinabove.

In view of the foregoing amendments and remarks, it is respectfully submitted that applicant's pending claims 27-41, 43-68, 70-113, 115-129, and 131-194 are clearly patentable over the references of record, taken alone or in any combination, and that this application is now in condition for allowance. Favorable action is accordingly solicited.

Respectfully submitted,

Richard A. Lang

By [signature]
William E. Hein
Patent Attorney #26,465

August 28, 1995
(970) 667-6741
Loveland, Colorado

8