# EXHIBIT T

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision February 2003

  

**U.S. DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office

Rev. 1, Feb. 2003

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

  Superintendent of Documents    Telephone: 202-512-2267
  Mail List Section
  Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

  Superintendent of Documents    Telephone: 202-512-1800
  United States Government Printing Office
  Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

  Commissioner of Patents and Trademarks  Telephone: 1-800-972-6382 or 703-308-9726
  Attention: Certification Branch
  Washington, DC 20231

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room. The Manual is available on CD-ROM and on diskette from:

  U.S. Patent and Trademark Office    Telephone: 703-306-2600
  Office of Electronic Information Products and Services
  Washington, DC 20231

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.  Telephone: 703-308-9660

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

  First Edition, November 1949
  Second Edition, November 1953
  Third Edition, November 1961
  Fourth Edition, June 1979
  Fifth Edition, August 1983
  Sixth Edition, January 1995
  Seventh Edition, July 1998
  Eighth Edition, August 2001
    Revision 1, February 2003

# Foreword

This Manual is published to provide U.S. Patent and Trademark Office patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the U.S. Patent and Trademark Office. It contains instructions to examiners, as well as other material in the nature of information and interpretation, and outlines the current procedures which the examiners are required or authorized to follow in appropriate cases in the normal examination of a patent application. The Manual does not have the force of law or the force of the rules in Title 37 of the Code of Federal Regulations.

A separate manual entitled "Trademark Manual of Examining Procedure" is published by the U.S. Patent and Trademark Office as a reference work for trademark cases.

Examiners will be governed by the applicable statutes, rules, decisions, and orders and instructions issued by the Commissioner and the Assistant Commissioners. Orders and Notices still in force which relate to the subject matter included in this Manual are incorporated in the text. Orders and Notices, or portions thereof, relating to the examiners' duties and functions which have been omitted or not incorporated in the text may be considered obsolete. Interference procedure not directly involving the Primary Examiner are not included in this Manual and, therefore, Orders and Notices relating thereto remain in force.

Subsequent changes in practice and other revisions will be incorporated in the form of substitute or additional pages for the Manual.

Suggestions for improving the form and content of the Manual are always welcome. They should be addressed to:

> Box MPEP
> Assistant Commissioner for Patents
> Washington, DC 20231

For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, DC 20402

August 2001

# Chapter 2100 Patentability

| | |
|---|---|
| 2105 | Patentable Subject Matter — Living Subject Matter |
| 2106 | Patentable Subject Matter — Computer-Related Inventions |
| 2106.01 | Computer Programming and 35 U.S.C. 112, First Paragraph |
| 2106.02 | Disclosure in Computer Programming Cases |
| 2107 | General Principles Governing Utility Rejections |
| 2107.01 | Procedural Considerations Related to Rejections for Lack of Utility |
| 2107.02 | Special Considerations for Asserted Therapeutic or Pharmacological Utilities |
| 2111 | Claim Interpretation; Broadest Reasonable Interpretation |
| 2111.01 | Plain Meaning |
| 2111.02 | *>Effect< of Preamble |
| 2111.03 | Transitional Phrases |
| 2112 | Requirements of Rejection Based on Inherency; Burden of Proof |
| 2112.01 | Composition, Product, and Apparatus Claims |
| 2112.02 | Process Claims |
| 2113 | Product-by-Process Claims |
| 2114 | Apparatus and Article Claims — Functional Language |
| 2115 | Material or Article Worked Upon by Apparatus |
| 2116 | Material Manipulated in Process |
| 2116.01 | Novel, Unobvious Starting Material or End Product |
| 2121 | Prior Art; General Level of Operability Required to Make a Prima Facie Case |
| 2121.01 | Use of Prior Art in Rejections Where Operability Is in Question |
| 2121.02 | Compounds and Compositions — What Constitutes Enabling Prior Art |
| 2121.03 | Plant Genetics — What Constitutes Enabling Prior Art |
| 2121.04 | Apparatus and Articles — What Constitutes Enabling Prior Art |
| 2122 | Discussion of Utility in the Prior Art |
| 2123 | Rejection Over Prior Art's Broad Disclosure Instead of Preferred Embodiments |
| 2124 | Exception to the Rule That the Critical Reference Date Must Precede the Filing Date |
| 2125 | Drawings as Prior Art |
| 2126 | Availability of a Document as a "Patent" for Purposes of Rejection Under 35 U.S.C. 102(a), (b), and (d) |
| 2126.01 | Date of Availability of a Patent As a Reference |
| 2126.02 | Scope of Reference's Disclosure Which Can Be Used to Reject Claims When the Reference Is a "Patent" but Not a "Publication" |
| 2127 | Domestic and Foreign Patent Applications as Prior Art |
| 2128 | "Printed Publications" as Prior Art |
| 2128.01 | Level of Public Accessibility Required |
| 2128.02 | Date Publication Is Available as a Reference |
| 2129 | Admissions as Prior Art |
| 2131 | Anticipation — Application of 35 U.S.C. 102(a), (b), and (e) |
| 2131.01 | Multiple Reference 35 U.S.C. 102 Rejections |
| 2131.02 | Genus-Species Situations |
| 2131.03 | Anticipation of Ranges |
| 2131.04 | Secondary Considerations |
| 2131.05 | Nonanalogous Art |
| 2132 | 35 U.S.C. 102(a) |
| 2132.01 | Publications as 35 U.S.C. 102(a) Prior Art |
| 2133 | 35 U.S.C. 102(b) |
| 2133.01 | Rejections of Continuation-In-Part (CIP) Applications |
| 2133.02 | Rejections Based on Publications and Patents |
| 2133.03 | Rejections Based on "Public Use" or "On Sale" |
| 2133.03(a) | "Public Use" |
| 2133.03(b) | "On Sale" |
| 2133.03(c) | The "Invention" |
| 2133.03(d) | "In This Country" |
| 2133.03(e) | Permitted Activity; Experimental Use |
| 2133.03(e)(1) | Commercial Exploitation |
| 2133.03(e)(2) | Intent |
| 2133.03(e)(3) | "Completeness" of the Invention |
| 2133.03(e)(4) | Factors Indicative of an Experimental Purpose |
| 2133.03(e)(5) | Experimentation and Degree of Supervision and Control |
| 2133.03(e)(6) | Permitted Experimental Activity and Testing |
| 2133.03(e)(7) | Activity of an Independent Third Party Inventor |
| 2134 | 35 U.S.C. 102(c) |
| 2135 | 35 U.S.C. 102(d) |
| 2135.01 | The Four Requirements of 35 U.S.C. 102(d) |
| 2136 | 35 U.S.C. 102(e) |
| 2136.01 | Status of U.S. Patent as a Reference Before and After Issuance |
| 2136.02 | Content of the Prior Art Available Against the Claims |
| 2136.03 | Critical Reference Date |

claim limitation"); *Kropa v. Robie*, 187 F.2d at 152, 88 USPQ2d at 480-81 (preamble is not a limitation where claim is directed to a product and the preamble merely recites a property inherent in an old product defined by the remainder of the claim); *STX LLC. v. Brine*, 211 F.3d 588, 591, 54 USPQ2d 1347, 1350 (Fed. Cir. 2000) (holding that the preamble phrase "which provides improved playing and handling characteristics" in a claim drawn to a head for a lacrosse stick was not a claim limitation). >Compare *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1346-48, 64 USPQ2d 1202, 1204-05 (Fed. Cir. 2002) (A claim at issue was directed to a method of preparing a food rich in glucosinolates wherein cruciferous sprouts are harvested prior to the 2-leaf stage. The court held that the preamble phrase "rich in glucosinolates" helps define the claimed invention, as evidenced by the specification and prosecution history, and thus is a limitation of the claim (although the claim was anticipated by prior art that produced sprouts inherently "rich in glucosinolates").)<

During examination, statements in the preamble reciting the purpose or intended use of the claimed invention must be evaluated to determine whether the recited purpose or intended use results in a structural difference (or, in the case of process claims, manipulative difference) between the claimed invention and the prior art. If so, the recitation serves to limit the claim. See, e.g., *In re Otto*, 312 F.2d 937, 938, 136 USPQ 458, 459 (CCPA 1963) (The claims were directed to a core member for hair curlers and a process of making a core member for hair curlers. Court held that the intended use of hair curling was of no significance to the structure and process of making.); *In re Sinex*, 309 F.2d 488, 492, 135 USPQ 302, 305 (CCPA 1962) (statement of intended use in an apparatus claim did not distinguish over the prior art apparatus). If a prior art structure is capable of performing the intended use as recited in the preamble, then it meets the claim. See, e.g., *In re Schreiber*, 128 F.3d 1473, 1477, 44 USPQ2d 1429, 1431 (Fed. Cir. 1997) (anticipation rejection affirmed based on Board's factual finding that the reference dispenser (a spout disclosed as useful for purposes such as dispensing oil from an oil can) would be capable of dispensing popcorn in the manner set forth in appellant's claim 1 (a dispensing top for dispensing popcorn in a specified manner)) and cases cited therein. See also MPEP § 2112 - § 2112.02.

### 2111.03   Transitional Phrases

The transitional phrases "comprising", "consisting essentially of" and "consisting of" define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the scope of the claim.

The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps. See, e.g., *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501, 42 USPQ2d 1608, 1613 (Fed. Cir. 1997) ("Comprising" is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 229 USPQ 805 (Fed. Cir. 1986); *In re Baxter*, 656 F.2d 679, 686, 210 USPQ 795, 803 (CCPA 1981); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("comprising" leaves "the claim open for the inclusion of unspecified ingredients even in major amounts").

The transitional phrase "consisting of" excludes any element, step, or ingredient not specified in the claim. *In re Gray*, 53 F.2d 520, 11 USPQ 255 (CCPA 1931); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("consisting of" defined as "closing the claim to the inclusion of materials other than those recited except for impurities ordinarily associated therewith."). A claim which depends from a claim which "consists of" the recited elements or steps cannot add an element or step. When the phrase "consists of" appears in a clause of the body of a claim, rather than immediately following the preamble, it limits only the element set forth in that clause; other elements are not excluded from the claim as a whole. *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 230 USPQ 45 (Fed. Cir. 1986).

The transitional phrase "consisting essentially of" limits the scope of a claim to the specified materials or steps "and those that do not <u>materially</u> affect the <u>basic</u> and <u>novel</u> characteristic(s)" of the claimed invention. *In re Herz*, 537 F.2d 549, 551-52, 190 USPQ 461, 463 (CCPA 1976) (emphasis in origi-

nal) (Prior art hydraulic fluid required a dispersant which appellants argued was excluded from claims limited to a functional fluid "consisting essentially of" certain components. In finding the claims did not exclude the prior art dispersant, the court noted that appellants' specification indicated the claimed composition can contain any well-known additive such as a dispersant, and there was no evidence that the presence of a dispersant would materially affect the basic and novel characteristic of the claimed invention. The prior art composition had the same basic and novel characteristic (increased oxidation resistance) as well as additional enhanced detergent and dispersant characteristics.). "A 'consisting essentially of' claim occupies a middle ground between closed claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format." *PPG Industries v. Guardian Industries*, 156 F.3d 1351, 1354, 48 USPQ2d 1351, 1353-54 (Fed. Cir. 1998). See also *Atlas Powder v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 224 USPQ 409 (Fed. Cir. 1984); *In re Janakirama-Rao*, 317 F.2d 951, 137 USPQ 893 (CCPA 1963); *Water Technologies Corp. vs. Calco, Ltd.*, 850 F.2d 660, 7 USPQ2d 1097 (Fed. Cir. 1988). For the purposes of searching for and applying prior art under 35 U.S.C. 102 and 103, absent a clear indication in the specification or claims of what the basic and novel characteristics actually are, "consisting essentially of" will be construed as equivalent to "comprising." See, e.g., *PPG*, 156 F.3d at 1355, 48 USPQ2d at 1355 ("PPG could have defined the scope of the phrase 'consisting essentially of' for purposes of its patent by making clear in its specification what it regarded as constituting a material change in the basic and novel characteristics of the invention."). See also *In re Janakirama-Rao*, 317 F.2d 951, 954, 137 USPQ 893, 895-96 (CCPA 1963). If an applicant contends that additional steps or materials in the prior art are excluded by the recitation of "consisting essentially of," applicant has the burden of showing that the introduction of additional steps or components would materially change the characteristics of applicant's invention. *In re De Lajarte*, 337 F.2d 870, 143 USPQ 256 (CCPA 1964). See also *Ex parte Hoffman*, 12 USPQ2d 1061, 1063-64 (Bd. Pat. App. & Inter. 1989) ("Although 'consisting essentially of' is typically used and defined in the context of compositions of matter, we find nothing intrinsically wrong with the use of such language as a modifier of method steps. . . [rendering] the claim open only for the inclusion of steps which do not materially affect the basic and novel characteristics of the claimed method. To determine the steps included versus excluded the claim must be read in light of the specification. . . . [I]t is an applicant's burden to establish that a step practiced in a prior art method is excluded from his claims by 'consisting essentially of' language.").

## OTHER TRANSITIONAL PHRASES

Transitional phrases such as "having" must be interpreted in light of the specification to determine whether open or closed claim language is intended. See, e.g., *Lampi Corp. v. American Power Products Inc.*, 228 F.3d 1365, 1376, 56 USPQ2d 1445, 1453 (Fed. Cir. 2000) (The term "having" was interpreted as open terminology, allowing the inclusion of other components in addition to those recited); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1348, 57 USPQ2d 1953, 1959 (Fed. Cir. 2001) (term "having" in transitional phrase "does not create a presumption that the body of the claim is open"); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1573, 43 USPQ2d 1398, 1410 (Fed. Cir. 1997) (In the context of a cDNA having a sequence coding for human PI, the term "having" still permitted inclusion of other moieties.). The transitional phrase "composed of" has been interpreted in the same manner as either "consisting of" or "consisting essentially of," depending on the facts of the particular case. See *AFG Industries, Inc. v. Cardinal IG Company*, 239 F.3d 1239, 1245, 57 USPQ2d 1776, 1780-81 (Fed. Cir. 2001) (based on specification and other evidence, "composed of" interpreted in same manner as "consisting essentially of"); *In re Bertsch*, 132 F.2d 1014, 1019-20, 56 USPQ 379, 384 (CCPA 1942) ("Composed of" interpreted in same manner as "consisting of"; however, court further remarked that "the words 'composed of' may under certain circumstances be given, in patent law, a broader meaning than 'consisting of.' ").

## 2112   Requirements of Rejection Based on Inherency; Burden of Proof

The express, implicit, and inherent disclosures of a prior art reference may be relied upon in the rejection