IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION.<br><br>This Document relates to:<br><br>*Burst.com, Inc. v.*<br>*Microsoft Corp.,*<br><br>Civil Action No JFM-02-cv-2952 | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |

**BURST.COM, INC.'S REPLY BRIEF FOR MICROSOFT RESPONSE TO BURST'S MOTION TO DECLASSIFY MICROSOFT DOCUMENTS DESIGNATED AS CONFIDENTIAL (PUBLIC VERSION)**

**I.   INTRODUCTION AND SUMMARY.**

With its opposition filing, Microsoft agreed to declassify as "confidential" or "highly confidential" many of the documents in question. For the remainder, it maintains that its initial designations were proper. But the documents it insists remain confidential are no different in substance than those now declassified.[1]

Burst filed this motion, in part, to receive guidance from the Court on where the confidential/highly confidential line should probably be drawn. The documents submitted with Burst's initial motion are but a small subset of the number of documents in dispute. As the case goes forward, particularly with important summary judgment hearings pending, the parties will need to know which documents should properly remain confidential, and thus sealed, and which not.

---

[1]   Filed herewith are exemplars of the documents Microsoft declassified, so that the Court may assess where Microsoft is drawing the line (Exhibit A).

**II.   THE LAW.**

The judicial process starts with a strong presumption that proceedings should be open. "Our national experience instructs that except in rare circumstances openness preserves, indeed, is essential to… public confidence in the administration of justice." ABC, Inc. v. Martha Stewart, et al., No. 04-0220, Slip Opinion at 25 (2nd Cir. Feb. 18, 2004).

**III.   THE DOCUMENTS IN DISPUTE.**

Concurrently filed under seal are the remaining documents in dispute (Exhibit B). They principally relate to licensing strategy issues, e.g., whether to allow cross-platform serving of Windows media, general strategies relative to controlling the market for video delivery and playback over the Internet, and specific e-mails concerning whether Microsoft should permit Burst to stream from its cross-platform server to a Microsoft media player. One recently produced document relates to a directive not to archive e-mails.

These documents do not reveal sensitive commercial information, trade secrets, or other information properly warranting sealed treatment.

**IV.   CONCLUSION.**

For these reasons, Burst respectfully requests that the Court declassify the documents, so that future filings need not be under seal, and coming court hearings need not be conducted in a closed courtroom.

DATED:  February 23, 2004        SPENCER HOSIE (Ca Bar # 101777)
                                 BRUCE J. WECKER (Ca Bar # 078530)
                                 JOHN BURRITT McARTHUR (Ca Bar # 159793;
                                    Texas Bar #13325650)
                                 GEORGE F. BISHOP (Ca Bar # 89205)
                                 JAMES T. McCARTT (Ca Bar # 121983)
                                 HOSIE, FROST, LARGE & McARTHUR
                                 One Market, Spear Street Tower, 22nd Floor
                                 San Francisco, CA 94105
                                 Telephone: 415-247-6000

2

        ROBERT YORIO (Ca Bar # 93178))
        CARR & FERRELL, LLP
        2200 Geng Road
        Palo Alto, CA 94303
        Telephone: 650-812-3400

        By   /s/_____
            Spencer Hosie
        Attorneys for Plaintiff Burst.com, Inc.