## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORPORATION ANTITRUST LITIGATION )<br><br>This Document Relates to: )<br><br>*Burst.com, Inc. v. Microsoft Corp.* )<br><br>Civil Action No. 1:02 cv02952 ) | MDL Docket No. 1332 |

## MEMORANDUM IN SUPPORT OF
## MICROSOFT'S MOTION FOR A PROTECTIVE ORDER

Microsoft has moved for a protective order preventing Burst from deposing the

Microsoft attorney who prosecuted two Microsoft patent applications: (1) Improved Media

Streaming Method and Arrangement and (2) Client-Side Caching of Streaming Media Content."

*See* Exhibit A, May 19, 2004 Letter.

Burst's request to depose Microsoft's attorney constitutes good cause for a

protective order barring that deposition unless Burst can show that the information it seeks (1) is

*only* available from that attorney; (2) is not privileged or work product; and (3) is relevant and

the relevancy of that information outweighs the risk inherent in deposing an attorney.  Burst fails

to satisfy any of these criteria.  Indeed, Burst makes no attempt to justify deposing Microsoft's

counsel – despite Microsoft's inquiries.

Microsoft's counsel can provide no relevant information beyond any contained in

the related documents, and any question Burst could ask would likely seek privileged

information.  The Court should therefore issue a protective order barring this deposition.

## ARGUMENT

Burst's request to depose Microsoft's attorney, standing alone, is in itself good cause for a protective order. "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D. N.C. 1987). Although "protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances, … [a] request to take the deposition of a party's attorney, however, constitutes a circumstance justifying departure from the normal rule." *N.F.A. Corp.*, 117 F.R.D. at 84 (internal citations omitted). Burst seeks to reverse this rule and place the burden on Microsoft.

Moreover, Microsoft is not required to offer an attorney witness and then to make privilege objections at the deposition. Rather, Burst must show, *in advance*, "both the propriety and need for the deposition. This procedure is superior to requiring the attorney to submit to a deposition and make his objections at that time." *N.F.A. Corp.*, 117 F.R.D. at 85. Ignoring the governing law, Burst instead seeks to force Microsoft to make its objections as the deposition occurs. Exhibit E, June 1, 2004 Letter ("Should you think a particular question goes too far, I have every confidence that you will be zealous in instructing the witness not to answer.").

Because good cause for a protective order automatically exists, Burst bears the burden of showing that deposing Microsoft's counsel is appropriate. "In seeking to depose a party's attorney, [first] [Burst] must demonstrate that the deposition is the only practical means available of obtaining the information. If there are other persons available who have the information, they should be deposed first. Also, other methods, such as written interrogatories

2

which do not involve the same dangers as an oral deposition, should be employed. … Second, [Burst] should show that the information sought will not invade the attorney-client privilege or the attorney's work product. Finally, the information must be relevant and the need for it outweighed by the disadvantages inherent in deposing a party's attorney." *N.F.A. Corp.*, 117 F.R.D. at 86; *also Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986).

To gauge whether Burst meets these conditions, Microsoft sent Burst a letter on May 27, 2004 asking it to explain how it satisfied these conditions. Exhibit B, May 27, 2004 Letter. Burst responded by claiming that in another case Burst's lawyer has against Microsoft (for a different client), Microsoft had sought to depose prosecuting counsel. Exhibit C, May 28, 2004 Letter. Burst then ignored Microsoft's request for the information Burst must provide before deposing Microsoft's counsel. Burst again demanded a deposition.

Microsoft's counsel wrote back, explaining that in this case (and in Burst's lawyer's case for another client), Microsoft deposed the attorney who prosecuted the *patent in suit*, not an attorney who prosecuted patent applications not at issue in the litigation and that were not even yet allowed (and thus are not patents). Exhibit D, June 1, 2004 Letter.

Burst's counsel responded by alleging that:

> Burst has alleged that Microsoft misappropriated trade secrets, particularly trade secrets germane to faster-than-real-time transmission across 'bursty' networks. After executing an NDA, and otherwise providing assurances of confidentiality, Microsoft then used the Burst trade secrets as the basis to file patent applications on its own 'novel' faster-than-real-time delivery

techniques.[1] … This is a specific, and important, breach of the
NDA and Microsoft's obligations towards Burst."

On privilege, as Microsoft has pointed out in past cases, and as it
obviously believes given its deposition of Mr. Hein in this case,
there is much that can be properly asked of a prosecuting patent
attorney without running afoul of the privilege.  Should you think a
particular question goes too far, I have every confidence that you
will be zealous in instructing the witness not to answer.

Exhibit E, June 1, 2004 Letter.

Although Burst must satisfy all three *N.F.A. Corp.* criteria, this rationale fails to

satisfy any of them and thus fails to justify the extraordinary result of deposing Microsoft's

counsel.  And it utterly fails to explain exactly *what* non-privileged information Burst seeks from

Microsoft's counsel.  Burst has failed to satisfy its burden to show why a protective order should

not be entered.

1.     **Burst Must Show That The Information It Seeks Is Not
       Available From Other Sources.**

Specifically as to the first *N.F.A. Corp.* requirement – that the information sought

not be available from other sources – Burst has identified no information that it seeks.  *See*

Exhibit E, June 1, 2004 Letter.  Microsoft therefore cannot tell whether such information is

obtainable from other sources.  Non-privileged information, however, is often available from

other sources.   And it is Burst's burden to identify this information and show that deposing

Microsoft's lawyer is "the *only* practical means available of obtaining the information."  *See*

*N.F.A. Corp.*, 117 F.R.D. at 86 (emphasis added).  Moreover, Burst has deposed many of the

---

[1] Burst's "faster-than-real-time delivery techniques" cannot be a trade secret because even Richard Lang, Burst's
President and CEO, concedes that he made presentations before October 1999 concerning the faster-than-real-time
foundation of Burst's technology and that Burst's website discussed the faster-than-real-time foundation of Burst's
technology.  *See* Lang 3/24/04 Dep. at 213.

inventors listed on these patents, from whom it presumably could have obtained the information it seeks.

Further, whatever these applications do or do not contain is shown on their face – it is not necessary to depose a prosecuting patent *attorney* to evaluate how they affect Burst's trade secret claims. Indeed, Burst's letter expressly refutes additional information being necessary – "Microsoft then used the Burst trade secrets as the basis to file patent applications on its own 'novel' faster-than-real-time delivery techniques." If the patent applications are the alleged misappropriation, then Burst needs no additional information beyond those applications.

Burst identifies no unique information it seeks from Microsoft's attorney. Burst has failed to satisfy the necessary condition that it show that whatever information it seeks is not available from other sources.

2. **Burst Must Show That The Information It Seeks Will Not Implicate the Attorney Client Privilege.**

As to the second *N.F.A. Corp.* requirement – that Burst show that the information it seeks will not implicate the attorney client privilege – Burst fails to show it seeks non-privileged information. Indeed, Burst identifies *no* information that it is seeking.

And Burst cannot shift responsibility to Microsoft to object at a deposition. Burst must show *in advance* that it seeks non-privileged information and identify that non-privileged information. *See N.F.A. Corp.*, 117 F.R.D. at 85-86.

Microsoft's prosecuting attorney's communications with Microsoft internal legal personnel and with the inventors on these patent applications are privileged. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-806 (Fed. Cir. 2000) (legal advice requested and

given in connection with patent prosecution is privileged). Similarly, Microsoft's counsel's legal advice regarding the potential scope of patent coverage (if the applications were allowed) is also privileged.

To the contrary, the information Microsoft sought from Burst's counsel who prosecuted the patent in suit differs from the information sought here. As is common in patent cases, when Microsoft deposed Burst's prosecuting attorney (Mr. Hein), he was asked about his knowledge of certain prior art relating to Microsoft's inequitable conduct defense.[2] Obviously, no other witness could testify about Mr. Hein's knowledge of certain prior art. Nor is Mr. Hein's awareness of certain prior art privileged. Although Burst never identifies what information it seeks, Burst likely does not seek information about whether Microsoft's counsel was aware of certain prior art because such awareness would be completely irrelevant to any issue in this case. Microsoft's prosecution counsel is neither a fact witness nor "the person with the best information concerning non-privileged matters relevant to a lawsuit." *N.F.A.*, 117 F.R.D. at 85 n.2.

Burst's attempt to depose Microsoft's counsel is exactly the situation the law seeks to prevent. Although Burst provides little detail, Burst apparently wants to ask Microsoft's counsel to compare these patent applications with its supposed trade secrets. It seems that Burst wants Microsoft's attorney to create work product on the fly at his deposition in the hope that it could somehow use this work product to support its theories in this case or as an attractive "sound bite" from Microsoft's lawyer. This risk, of course, is one of the reasons that the law applies special safeguards before allowing a party to depose its opponent's attorney. *N.F.A.*

*Corp.*, 117 F.R.D. at 85 ("More often deposition of the attorney merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine--that involving an attorney's mental impressions or opinions.").

Burst identifies no sought-after information. More importantly, Burst identifies no non-privileged information. Burst has failed to satisfy this necessary requirement before deposing Microsoft's attorney.

### 3. Burst Must Show That The Relevancy Of The Information It Seeks Outweighs The Risk Of Deposing Microsoft's Attorney.

As to the final *N.F.A. Corp.* requirement – relevance outweighing the risk of deposing an opponent's attorney – these patent applications are utterly irrelevant to this case, and any supposed relevancy does not outweighs the risks discussed above.

Burst's patents are at issue here, not Microsoft's patent applications. Moreover, although Burst refers generally to these patent applications as allegedly containing its trade secrets, it never identifies *what* supposed trade secrets were allegedly "used ... as the basis to file patent applications on its own 'novel' faster-than-real-time delivery techniques." *See* Exhibit E, June 1, 2004 Letter. Similarly, Burst never identifies what portions of these applications allegedly contain these unidentified "trade secrets."

And most importantly, relevancy depends on Microsoft's attorney's knowledge, not the relevancy of the patent applications themselves. Burst has identified no relevant information that Microsoft's attorney possesses. To the extent there is any relevant information

---

[2] Microsoft's defense of inequitable conduct alleges that Burst's prosecuting attorney and the inventor, Mr. Lang,

relating to these patent applications, Burst has deposed many of the listed inventors, including William Schiefelbein (twice), Anders Klemets, and Troy Batterberry (twice). Burst should have gleaned any pertinent information from them without resorting to an extraordinary deposition of Microsoft's attorney.

Moreover, Burst's relevancy claim extends only so far as the allegation that these applications involve "faster-than-real-time delivery techniques." Certainly, this subject matter is not something for an attorney – who would have limited or no technical knowledge outside of his privileged work on these applications. These patent applications speak for themselves, and a patent attorney is not necessary to divine what information they contain, which Burst could have obtained (and did obtain) from the inventors it deposed.

As discussed above, the risk inherent in deposing an attorney is particular poignant here because Burst likely seeks to have Microsoft's attorney create work product at his deposition. *See N.F.A. Corp.*, 117 F.R.D. at 85. There are no identified facts solely in Microsoft's attorney's possession. Burst's apparent goal for this deposition is to have Microsoft's attorney perform legal analysis.

Even if Burst could create some alleged relevance, any information gleaned from Microsoft's attorney would certainly not outweigh the disadvantages inherent in deposing a party's attorney. *See N.F.A.*, 117 F.R.D. at 85. Burst has failed to satisfy this condition to depose Microsoft's attorney.

* * *

---

knew of certain material prior art describing faster than real time transmission that they did not disclose to the Patent Office. *See* Microsoft Corporation's First Amended Answer, Affirmative Defenses And Counterclaims.

Burst's request to depose Microsoft's attorney is alone good cause for a protective order. Burst justification to depose Microsoft's attorney fails to satisfy any of the conditions necessary before the extraordinary result of deposing a party's attorney can be allowed. Microsoft asks the Court to grant its motion and issue a protective order barring Burst from deposing Microsoft's patent prosecution counsel.

## CONCLUSION

Microsoft asks the Court to issue a protective order barring Burst from taking the deposition of Microsoft's lawyer who prosecuted two identified patent applications. This attorney can offer no relevant, non-privileged information. The Court should grant Microsoft's motion and issue a protective order barring this deposition.

Dated: June 3, 2004

Respectfully submitted,

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-4115

Philip L. Graham, Jr.
David B. Tulchin
Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
C. Andrew Culbert
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Karen A. Popp (D.Md. No. 26145)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, DC 20005

Charles W. Douglas
Richard A. Cederoth
John W. Treece
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Defendant Microsoft Corporation*