IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document relates to:<br><br>*Burst.com, Inc.* v. *Microsoft Corp.*,<br>Civil Action No. C-02-2952 | MDL Docket No. 1332<br><br>Hon J. Frederick Motz<br><br>**FILED UNDER SEAL** |

## MICROSOFT'S MOTION TO FILE SURREPLY BRIEF

"Burst's Reply To Compel Microsoft To Produce Documents Relating To Its Document Preservation Policy," dated September 27, 2004, improperly raises many new facts and arguments that were not addressed in its motion. Among other new issues, Burst (1) asks for relief concerning a document (a "William Neukom 1996 e-mail" (Burst Reply at 3)) that was never mentioned in Burst's motion, (2) seeks different relief (*in camera* review of the subject documents (Burst Reply at 3, 29)) nowhere requested in its motion, (3) argues about new facts (documents from the files of Messrs. Friedman and del Val (Burst Reply at 10)) nowhere discussed in its motion, (4) relies extensively on two decisions (Burst Reply at 23-27) that were not even cited in Burst's opening brief, and (5) changes entirely its argument on waiver, implicitly withdrawing its argument that Microsoft waived privilege at a deposition and now asserting for the first time a "crime/fraud exception" to privilege (Burst Reply at 22-29).

The proper function of a reply is to respond to arguments in an opposition brief, not introduce facts or arguments that were not raised in the motion or opposition.

*See, e.g., Barnes* v. *Fair Lanes, Inc.*, No. 95-1212, 1996 WL 403818, *1 n.3 (D. Md. July 16, 1996) (striking portions of reply that are not "responding to Fair Lanes' opposition").

Moreover, Burst's reply exceeds the 25-page limit for reply memoranda set forth in this Court's rules. D. Md. Loc. R. 105.3. Burst's reply is 30 pages, and "Appendix A" — which does not contain "statutes, rules, regulations and similar material" excluded from the page limit, *id.* — adds another 5 pages of argument. Burst did not seek or receive permission from this Court to exceed the page limitations.

In view of the above, Microsoft respectfully requests that the Court permit Microsoft to file the attached surreply brief to respond to some of the new arguments made in Burst's reply.

Dated: October 1, 2004

Respectfully submitted,

_____
Michael F. Brockmeyer (Fed. Bar No. 02307)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

David B. Tulchin
Marc De Leeuw
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
(212) 558-4000

Thomas W. Burt
Richard J. Wallis
C. Andrew Culbert
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052-6399
(425) 706-8080

Charles W. Douglas
John W. Treece
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Defendant Microsoft Corporation*