Exhibit 4

# RICHARD LANG

---

**Page 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
--oOo--

IN RE MICROSOFT CORPORATION   )
ANTITRUST LITIGATION,          )
                               )
                               )
This Document Relates to:      )
                               ) MDL Docket No. 1332
                               ) JFM 02-CV-2090
Burst.com, Inc. v. Microsoft   )
Corp,                          )
                               )
Civil Action No.               )
C-02-2930-VRW                  )
_____)

VIDEOTAPED 30(b)(6) DEPOSITION OF
RICHARD LANG

NOVEMBER 24, 2003

Reported by: SARAH LUCIA BRANN, CSR 3887   #01-342290

---

**Page 2**

INDEX
                                                    PAGE
Examination by Mr. Anderson .......................... 6

DEPOSITION EXHIBITS
MARKED FOR IDENTIFICATION

1  Notice of deposition ............................... 5
2  Org charts, document numbers BURS105228 ........... 21
   through 105235
3  Letter dated November 7, 2003 to Mr. Treece ....... 40
   and Ms. Harris from Mr. Wecker
   with attached fax transmittal page
4  Letter dated November 10, 2003 to ................. 42
   Ms. Dawson from Mr. Prater regarding
   production from custodian Thomas Dorsey
   with attached fax transmittal page
5  Letter dated November 10, 2003 to ................. 43
   Ms. Dawson from Mr. Prater regarding
   production from custodian Eric Walters
   with attached fax transmittal page
6  Letter dated November 11, 2003 to ................. 44
   Ms. Dawson from Mr. Prater regarding
   CD-ROMs with document production from
   a Burst server with attached fax
   transmittal page
7  Letter dated November 12, 2003 to ................. 45
   Ms. Dawson from Mr. Prater regarding
   production from custodian Don Apodaca
   with attached fax transmittal page
8  Letter dated November 13, 2003 to ................. 46
   Ms. Dawson from Mr. Prater regarding
   production from custodian Eric Walters
   with attached fax transmittal page

Page 2

---

**Page 3**

9  Letter dated November 13, 2003 to ................. 48
   Ms. Dawson from Mr. Prater regarding
   production from custodian Richard Lang
   with attached fax transmittal page

10 Letter dated November 17, 2003 to ................. 49
   Ms. Dawson from Mr. Prater regarding
   production from custodian Laurent Lawton
   with attached fax transmittal page

Page 3

---

**Page 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
--oOo--

IN RE MICROSOFT CORPORATION   )
ANTITRUST LITIGATION,          )
                               )
This Document Relates to:      )
                               ) MDL Docket No. 1332
                               ) JFM 02-CV-2090
Burst.com, Inc. v. Microsoft   )
Corp,                          )
                               )
Civil Action No.               )
C-02-2930-VRW                  )
_____)
                --oOo--

   BE IT REMEMBERED that, pursuant to Notice, and
on Monday, November 24, 2003, commencing at 9:45 a.m.
thereof, at 555 California Street, 4th Floor, San
Francisco, California, before me, Sarah Lucia Brann, a
Certified Shorthand Reporter, personally appeared

             RICHARD LANG

called as a witness by the Defendant, who, having been
first duly sworn, was examined and testified as follows:
                --oOo--
   SIDLEY AUSTIN BROWN & WOOD LLP, 555 California
Street, San Francisco, California 94104, represented by
BRYAN K. ANDERSON, Attorney at Law, appeared as counsel
on behalf of the Microsoft Corporation.

Page 4

---

# RICHARD LANG

**Page 9**

1  and we made copies on disk. And then the email server  09:51:19
2  was delivered to our attorneys.  09:51:30
3  Q. Did Mr. Walters explain to you when he  09:51:50
4  undertook these efforts with respect to backing up the  09:51:52
5  email server and the office server?  09:51:55
6  A. We didn't discuss that this morning.  09:51:59
7  Q. Had you previously discussed that?  09:52:01
8  A. Well, we were both present when that happened,  09:52:03
9  and that was in 2000 -- I think it was 2002.  09:52:06
10  Q. Do you remember what month?  09:52:16
11  A. I don't. It was shortly after the request  09:52:17
12  from our attorneys came to us to back up those emails  09:52:19
13  and to present them, and we did it at that time.  09:52:22
14  Q. In your three or four other conversations --  09:52:34
15  well, let me stop for a second. Other than the  09:52:36
16  discussion on the servers that you had with Mr. Walters  09:52:41
17  this morning, did you have any other subjects you  09:52:46
18  discussed with him concerning the examination topics in  09:52:49
19  Exhibit 1?  09:52:57
20  A. I asked him in a previous discussion if he  09:52:58
21  knew of any document retention policy per se, and he did  09:53:01
22  not. And I asked him his recollection of what happened  09:53:04
23  to files of people who were around in the -- who were --  09:53:14
24  who were -- who were laid off in the last part of 2000,  09:53:24
25  and that was it.  09:53:30

**Page 10**

1  Q. What did Mr. Walters have to tell you about  09:53:32
2  his recollection of files of people laid off in 2000?  09:53:35
3  A. That their computers were wiped and then sold,  09:53:39
4  as far as he could remember.  09:53:42
5  Q. How about their files that resided on the  09:53:59
6  company servers?  09:54:03
7  A. We didn't discuss that specifically.  09:54:04
8  Q. Other than the procedure Burst followed to  09:54:25
9  provide its counsel with email files, the document  09:54:28
10  retention policy, or whether one existed, and the files  09:54:33
11  of people laid off in late 2000, did you discuss  09:54:37
12  anything else with Mr. Walters in preparing to testify  09:54:40
13  on behalf of Burst with respect to topics one through  09:54:46
14  four?  09:54:48
15  A. Not that I recall.  09:54:49
16  Q. And that -- that includes all of your  09:54:51
17  conversations with Mr. Walters concerning preparing for  09:54:55
18  this deposition.  09:54:58
19  A. That's correct.  09:55:02
20  Q. What did you and Ms. Erickson discuss in  09:55:04
21  preparing for today's deposition?  09:55:09
22  A. I never spoke with Ms. Erickson.  09:55:13
23  Q. You reviewed Ms. Erickson's deposition?  09:55:15
24  A. That's correct.  09:55:18
25  Q. Do you recall the purpose of your review of  09:55:19

**Page 11**

1  Ms. Erickson's deposition?  09:55:20
2  A. Yes, as a 336 --  09:55:22
3  MR. YORIO: 30(b)(6).  09:55:27
4  THE WITNESS: As a 30(b)(6) witness it's my  09:55:28
5  understanding that I had a duty to learn as much as I  09:55:32
6  could about the subjects that I would be deposed on. I  09:55:35
7  understood that that was a subject that she would have  09:55:38
8  some knowledge about and that she had been asked about  09:55:41
9  it at her deposition, and so I felt as though that was a  09:55:44
10  source where I could learn something additional.  09:55:48
11  MR. ANDERSON: Q. What did you learn from  09:55:52
12  Ms. Erickson's deposition, if anything, concerning the  09:55:54
13  topics set forth in the notice of deposition?  09:55:56
14  A. Well, I think -- let me look at those topics  09:55:59
15  again, to make sure which ones she addressed.  09:56:03
16  I don't believe topic one was addressed by  09:56:09
17  her; at least I don't remember it. I don't remember  09:56:13
18  number two. I believe she testified that to her  09:56:16
19  knowledge there was no document retention policy. I  09:56:20
20  think she did testify that when employees were laid off  09:56:27
21  in November of 2000 that their computers, their personal  09:56:32
22  computers, were wiped, and then those computers were  09:56:37
23  sold, sometimes to the same employees or to other  09:56:43
24  employees. And I believe she also testified to the fact  09:56:45
25  that there was a kind of a rolling backup of emails that  09:56:48

**Page 12**

1  lasted about a week. In case someone accidentally  09:56:52
2  deleted something and they wanted to go back and get it,  09:56:57
3  they could usually do so, if they let her know within a  09:57:00
4  day or two. And that's the extent of what I remember  09:57:04
5  from reading her deposition.  09:57:06
6  Q. Do you recall whether Ms. Erickson testified  09:57:12
7  that, prior to departing from Burst.com, she had erased  09:57:14
8  her email files?  09:57:19
9  A. I don't remember seeing that.  09:57:21
10  Q. Anything else you recall from your view of  09:57:26
11  Ms. Erickson's deposition that relates to the deposition  09:57:29
12  topics --  09:57:32
13  A. No.  09:57:33
14  Q. -- in this notice?  09:57:33
15  A. Not that I recall.  09:57:37
16  Q. Did you have an opportunity to review the  09:57:39
17  deposition transcript of Mike Moskowitz in preparing for  09:57:43
18  today's deposition?  09:57:49
19  A. No, I did not.  09:57:50
20  Q. As you sit here today, are you aware of  09:57:52
21  whether or not Mr. Moskowitz testified in his deposition  09:57:54
22  that prior to departing Burst.com he had erased his  09:57:57
23  email files?  09:58:02
24  A. I don't. I don't know what he said.  09:58:03
25  Q. You mentioned that you had discussed the  09:58:11