# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION. <br><br> This Document relates to: <br><br> *Burst.com, Inc. v. Microsoft Corp.,* <br> Civil Action No C-02-2930 <br> (N.D. Cal.) | MDL Docket No. 1332 <br><br> Hon. J. Frederick Motz |

**PLAINTIFF BURST'S SEVENTH SEPARATE REQUEST
TO DEFENDANT MICROSOFT FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 104, Burst.com, Inc. ("Burst"), hereby requests that defendant Microsoft Corporation ("Microsoft") respond to this request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying, at the offices of Hosie, Frost, Large & McArthur, One Market, Spear Street Tower, 22nd Floor, San Francisco, CA 94105, or at such time and place as may be agreed upon by counsel for both Burst and Microsoft. Paper documents should be produced for inspection and copying, or in an electronic format agreed upon by the parties. Microsoft should produce documents that it maintains electronically in the ordinary course of its business in an electronic format that is agreed upon by the parties.

**Uniform Instructions**

The following Instructions are repeated verbatim from the Court's Uniform Instructions and Definitions for Use in Discovery Requests. *See* Appendix D to Local Rules. Supplemental Instructions immediately follow the Uniform Instructions.

1. If, in responding to this Request for Production, the responding party encounters

any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressees, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you; and

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration,

Plaintiff's Seventh Request for Production of Documents

2

and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## Supplemental Instructions

6. "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b).

7. Supplement or correct your response to each request as required by Fed. R. Civ. P. 26(e).

8. Unless otherwise indicated, these requests call for the production of documents created, delivered, distributed, sent, received, or in effect between January 1, 1997, and the present.

## Uniform Definitions

Except as to Paragraph 5 below, the following Definitions are repeated verbatim from the Court's Uniform Instructions and Definitions for Use in Discovery Requests. *See* Appendix D to Local Rules. Paragraph 5 has been modified to refer specifically to Microsoft. Supplemental

Plaintiff's Seventh Request for Production of Documents

3

Definitions immediately follow the Uniform Definitions.

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, of constituting.

2. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

3. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all": "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

4. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## Supplemental Definitions

*Accused Software Products:* The term "Accused Software Products" means Microsoft's Windows Media 9 & 10 Series (including, but not limited to, the Windows Server 2003, Windows Media 9 Series in Windows Server 2003, the Windows Media Services 9 Series, the Windows Media Player 9 Series, the Windows Media Encoder 9 Series, the Windows Media Audio and Video 9 Series, the Windows Media 9 Series SDK, the Windows Media Player 10 Technical Beta, the Windows Media Format 9 SDK, and the Windows Media Format 9.5 SDK (beta version)) when used alone and/or in combination with other software.

*Burst:* The term "Burst" means Burst.com. Inc., Instant Video Technologies, Inc., Explore Technologies, Inc., subsidiaries and affiliated entities; the officers, directors, employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and of Burst; and any person acting on behalf of any of the foregoing.

*Burstware Bridge:* The term "Burstware Bridge" means the software developed by Burst that made possible the delivery of video and audio data to and playback on a Burst-enabled Windows Media Player.

*ISV:* The term "ISV" means independent software vendor.

*Microsoft:* The term "Microsoft" means Microsoft Corporation and its agents, representatives, and attorneys. The term "Microsoft" also includes all persons or entities who have documents that are within the "possession, custody, or control" of Microsoft Corporation pursuant to Federal Rule of Civil Procedure 34. Such persons or entities may include Microsoft Corporation's subsidiaries and affiliated entities; the officers, directors, employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and of Microsoft Corporation; and any person acting on behalf of any of the foregoing.

Plaintiff's Seventh Request for Production of Documents

*Operating System:* For the purpose of these requests, "Operating System" means software that, among other things, schedules the execution of tasks by the microprocessor, controls the flow of information among various hardware components, and exposes APIs to which software developers can write a range of applications.

*Person:* The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

*Source Code:* The term "Source Code" means the input to a compiler, interpreter or assembler written in a source language.

*Third Party:* The term "Third Party" means any entity other than Microsoft.

*Video deliver over IP Networks:* The Term "video delivery over IP networks" includes software (both client and server) and services providing for the delivery and/or playback of video over the Internet or other computer networks.

*Windows Media Technologies*: The term includes all Microsoft products that facilitate the creation, transmission and/or playback of digital media.

**Requests for Production**

REQUEST NO. 1:

The source code for Windows Media Format 9.5 SDK and the Windows Media Player 10 Technical Beta, and any updates to the Windows Media Services 9 Series released to third-parties.

REQUEST NO. 2:

All documents concerning the agreement with Comcast publicly announced on or around May 28, 2004 in connection with the distribution of Microsoft software to Comcast subscribers, including but not limited to documents concerning the features and services to be provided to

Plaintiff's Seventh Request for Production of Documents

Comcast customers, the use of the Accused products in providing those features or services, projections of the revenues to be generated, and the sharing of any revenues between the parties.

REQUEST NO. 3:

All documents concerning the marketing or licensing of the Windows XP Media Center Extender Technology, Windows Media Connect, and the Microsoft TV Internet Protocol Television (IPTV) delivery solution, including but not limited to, any agreements with STMicroelectronics, Alienware Corp., Dell, Inc., Gateway, HP, Samsung Electronics Co. Ltd., Tatung Co., and Wistron Corp.

REQUEST NO. 4:

All documents concerning the marketing or licensing of Microsoft's Portable Media Center technologies including, but not limited to any agreements with hardware vendors, market plans, projected revenues or profits and samples of all advertising and promotional materials.

REQUEST NO. 5:

All documents concerning Microsoft's variable bit rate streaming/progressive download optimization patent application. *See* MS-CC-Bu 000000270078.

REQUEST NO. 6:

All documents concerning Microsoft's Desktop Tracker and Digital Media Tracker.

DATED: July 7, 2004

        SPENCER HOSIE (Ca Bar # 101777)
        BRUCE J. WECKER (Ca Bar # 078530)
        JOHN BURRITT McARTHUR (Ca Bar # 159793;
           Texas Bar #13325650)
        GEORGE F. BISHOP (Ca Bar # 89205)
        HOSIE, FROST, LARGE & McARTHUR
        One Market, Spear Street Tower, 22nd Floor
        San Francisco, CA 94105
        Telephone: 415-247-6000

        ROBERT YORIO (Ca Bar # 93178))
        CARR & FERRELL, LLP
        2200 Geng Road
        Palo Alto, CA 94303
        Telephone: 650-812-3400

By: _____
        Bruce J. Wecker
        Attorneys for Plaintiff Burst.com, Inc.

Plaintiff's Seventh Request for Production of Documents

## PROOF OF SERVICE

I am employed in the State of California, County of San Francisco. I am over 18 years of age and am not party to the within action. My business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105.

On July 7, 2004, I served PLAINTIFF BURST'S SEVENTH SEPARATE REQUEST TO DEFENDANT MICROSOFT FOR THE PRODUCTION OF DOCUMENTS upon counsel named below as indicated:

Susan V. Harris *(via facsimile)*
**SIDLEY AUSTIN BROWN & WOOD LLP**
Bank One Plaza
10 South Dearborn Street
Chicago, IL  60603
Fax:  312.853.7036

Bryan Anderson *(via facsimile)*
**SIDLEY AUSTIN BROWN & WOOD LLP**
555 California Street, Suite 5000
San Francisco, CA  94104-1715
Fax:  415.397.4621

Ralph Palumbo *(via facsimile)*
**SUMMIT LAW GROUP**
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Fax:  206.281.9882

James P. Ulwick *(via facsimile)*
**KRAMON & GRAHAM, PA**
One South Street, Suite 2600
Baltimore, MD  21202-3201
Fax:  410.539.1269

Sean Gallagher *(via facsimile)*
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 West Hubbard, Suite 300
Chicago, IL  60610
Fax:  312.494.4440

Executed this 7th day of July, 2004.

_____
Janine DeAndre

Plaintiff's Seventh Request for Production of Documents