# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION.<br><br>This Document relates to:<br><br>*Burst.com, Inc. v. Microsoft Corp.*,<br>Civil Action No. C-02-2952 (N.D. Cal.) | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz<br><br>**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |

**MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS
TO BURST.COM, INC.'S SEVENTH SEPARATE REQUEST
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Microsoft Corporation, hereby responds and objects to Burst.com, Inc.'s ("Burst") Seventh Separate Request For Production Of Documents ("Request") as follows:

**GENERAL OBJECTIONS**

1. To the extent that Burst's Request purports to require Microsoft to conduct a search of all files in its possession, custody or control in an attempt to locate every document that might be responsive to the Request, Microsoft objects on the grounds that the Request is overly broad and unduly burdensome. Microsoft does not maintain enterprise-wide subject matter files. Documents are maintained by or on behalf of individual employees. To conduct a search reasonably calculated to locate responsive documents, Microsoft will search the files of individuals ("custodians") who, based on their position and responsibilities within the company, are most likely to possess documents responsive to the Request.

2. By agreeing to search for, and produce if located, documents responsive to these requests, Microsoft does not represent that such documents do in fact exist. Furthermore,

Microsoft may make available categories of documents from prior productions that are responsive to these requests, and rely upon such prior productions for the production here. Microsoft does not waive, and specifically reserves, its rights to challenge the competency, relevancy, materiality or admissibility of any document provided in response to the Request.

3. Microsoft objects to the extent that the Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, non-disclosure obligations, common interest privilege, or any other applicable privilege or doctrine (hereinafter referred to as "Privileges"). Microsoft will not produce documents containing such information or will produce documents in redacted form.

4. In accordance with the terms of the protective order in the Competitor Actions, the inadvertent production of any document subject to any Privileges is not intended to be, and shall not operate as, a waiver of any such Privileges, in whole or in part. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any inadvertently produced document shall be immediately returned. No use shall be made of any materials after written or oral notice is provided that such documents have been inadvertently produced. No use shall be made of any materials that a reasonable attorney would recognize as properly protected by any Privileges without an express, written waiver referring to the specific document by its unique production control number.

5. Microsoft's objections and responses are based on its investigations and discovery to date. Microsoft expressly reserves the right to modify and supplement these

objections and responses if additional information or documents are located by Microsoft. Microsoft assumes no obligation to supplement its responses beyond those imposed by the Rules.

6.  Microsoft objects to these document requests as overly broad and seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence.

7.  To the extent specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific request and are not to be construed as waiver of any General Objections applicable to responses falling within the scope of that request or any other request.

8.  Microsoft objects to these document requests to the extent they purport to ask for the production of documents up to "the present," as it is mechanically impossible to comply with such a request. Additionally, such requests are unduly burdensome and not reasonably calculated to produce relevant information, particularly in light of the cost and burden involved. To the extent Microsoft agrees to produce non-privileged documents herein, it will produce such documents from a time period of January 1, 1997 through September 30, 2002.

9.  Microsoft objects to these document requests as violative of Local Rule 104(1), which provides that "no party shall serve upon any other party, at one time or cumulatively, more than 30 requests for production…including all parts and sub-parts." Without taking into account the present requests, Burst has served on Microsoft 82 requests for production of documents, not including parts and sub-parts.

10. Consistent with Microsoft's January 30, 2004 letter to Burst proposing that "[n]either party shall serve on the other additional document requests," Microsoft objects to these requests as violative of the spirit of the parties' agreement to extend the fact discovery cutoff, unduly burdensome, wasteful, and seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Microsoft objects to the third Uniform Instruction to the extent that it would require Microsoft to identify the date of the redaction or alteration and the person performing such redaction. This information is neither necessary to evaluate Microsoft's claim of privilege, nor relevant to establishing a privilege, and the burden imposed by requiring this additional information would outweigh any conceivable benefit.

## OBJECTIONS TO SUPPLEMENTAL DEFINITIONS

For each supplemental definition to which Microsoft specifically objects, Microsoft sets forth the objection immediately following Burst's definition.

*Accused Software Products:* The term "Accused Software Products" means Microsoft's Windows Media 9 & 10 Series (including, but not limited to, the Windows Server 2003, Windows Media 9 Series in Windows Server 2003, the Windows Media Services 9 Series, the Windows Media Player 9 Series, the Windows Media Encoder 9 Series, the Windows Media Audio and Video 9 Series, the Windows Media 9 Series SDK, the Windows Media Player 10 Technical Beta, the Windows Media Format 9 SDK, and the Windows Media Format 9.5 SDK (beta version)) when used alone and/or in combination with other software.

Objection: In addition to its General Objections, Microsoft objects to this definition of the term "Accused Software Products" as vague and ambiguous, particularly as to the terms "when used alone and/or in combination with other software." Microsoft further objects to the inclusion of Microsoft's Windows Media 10 Series, including the Windows Media

Player 10 Technical Beta, the Windows Media Format 9 SDK and Windows Media Format 9.5 SDK (beta version) as overly broad and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts. Microsoft's Windows Media 10 Series and Windows Media Player 10 Technical Beta are not accused products in this case, nor has Burst made any showing that either the operation or the content of the source code for Microsoft Windows Media 10 Series and Microsoft Windows Media Player 10 Technical Beta is at issue in this case.

*Burst*: The term "Burst" means Burst.com. Inc., Instant Video Technologies, Inc., Explore Technologies, Inc., subsidiaries and affiliated entities; the officers, directors, employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and of Burst; and any person acting on behalf of any of the foregoing.

Objection: Microsoft objects to this definition of the term "Burst" as vague and ambiguous, because Microsoft cannot determine the full scope of the definition since all of Burst's "employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and of Burst; and any person acting on behalf of any of the foregoing" are not known to Microsoft.

*Burstware Bridge*: The term "Burstware Bridge" means the software developed by Burst that made possible the delivery of video and audio data to and playback on a Burst-enabled Windows Media Player.

Objection: In addition to its General Objections, Microsoft objects to the definition of the term "Burstware Bridge" as vague and ambiguous. Microsoft further objects that this term is entirely irrelevant as it is not used in a single request.

*ISV*: The term "ISV" means independent software vendor.

*Microsoft*: The term "Microsoft" means Microsoft Corporation and its agents, representatives, and attorneys. The term "Microsoft" also includes all persons or entities who have documents that are within the "possession, custody, or control" of Microsoft Corporation

pursuant to Federal Rule of Civil Procedure 34.  Such persons or entities may include Microsoft Corporation's subsidiaries and affiliated entities; the officers, directors, employees, agents, financial advisors, attorneys, representatives, predecessors, successors, or assigns of each such entity, and of Microsoft Corporation; and any person acting on behalf of any of the foregoing.

Objection:  In addition to its General Objections, Microsoft objects to this definition of the term "Microsoft" to the extent that it may be construed to require Microsoft to produce documents that are not within its "possession, custody, or control" pursuant to Federal Rule of Civil Procedure 34.

*Operating System*:  For the purpose of these requests, "Operating System" means software that, among other things, schedules the execution of tasks by the microprocessor, controls the flow of information among various hardware components, and exposes APIs to which software developers can write a range of applications.

Objection:  In addition to its General Objections, Microsoft objects to this definition of the term "Operating System" as overly broad and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Without waiving its objections, Microsoft will construe the term "Operating System" to include operating systems for personal computers and other devices that run "Windows Products," as that term is defined by Microsoft.

*Person*:  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

*Source Code*:  The term "Source Code" means the input to a compiler, interpreter or assembler written in a source language.

Objection:  Microsoft objects to this definition of the term "source code" as overly broad as compilers accept many inputs in addition to source code.

*Third Party*:  The term "Third Party" means any entity other than Microsoft.

*Video deliver [sic] over IP Networks*:  The Term "video delivery over IP networks" includes software (both client and server) and services providing for the delivery and/or playback of video over the Internet or other computer networks.

Objection: In addition to its General Objections, Microsoft objects to this definition of "video delivery over IP networks" as vague and ambiguous. Microsoft's responses are limited to such documents concerning the accused products.

*Windows Media Technologies*: The term includes all Microsoft products that facilitate the creation, transmission and/or playback of digital media.

Objection: In addition to its General Objections, Microsoft objects to this definition of "Windows Media Technologies" as vague and ambiguous.

## RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 1:

The source code for Windows Media Format 9.5 SDK and the Windows Media Player 10 Technical Beta, and any updates to the Windows Media Services 9 Series released to third-parties.

RESPONSE: In addition to its General Objections, Microsoft objects to this document request on the basis that such information is highly proprietary and confidential. Microsoft objects to this request as seeking information neither relevant to the issues in this case nor likely to lead to the discovery of admissible evidence in this case. Microsoft's Windows Media Format 9.5 SDK and Windows Media Player 10 Technical Beta are beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts. Microsoft's Windows Media Format 9.5 SDK and Windows Media Player 10 Technical Beta are not accused products in this case, nor has Burst made any showing that either the operation or the content of the source code for Windows Media Format 9.5 SDK and Windows Media Player 10 Technical Beta is at issue in this case.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "<u>any</u> updates to the Windows Media Services 9 Series released to third parties." Microsoft further objects to the terms "updates" and "third parties" as vague and ambiguous. Microsoft objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party

Furthermore, this request is unduly burdensome, overly broad, and seeks documents not relevant to the claims or defenses of either party. This request asks for far more source code than could possibly be relevant to the claims or defenses of either party. There is no reason for Microsoft to incur the cost of locating and producing documents far beyond that which is relevant to the claims or defenses of either party.

<u>REQUEST NO. 2</u>:

All documents concerning the agreement with Comcast publicly announced on or around May 28, 2004 in connection with the distribution of Microsoft software to Comcast subscribers, including but not limited to documents concerning the features and services to be provided to Comcast customers, the use of the Accused products in providing those features or services, projections of the revenues to be generated, and the sharing of any revenues between the parties.

<u>RESPONSE</u>: In addition to its General Objections, Microsoft objects to the terms "Microsoft software," "features and services," and "Accused products" as vague and ambiguous. In responding to this request, Microsoft assumes that Burst intended the term "Accused products" to be synonymous with the term "Accused Software Products." Additionally, Microsoft hereby incorporates its objections to the Supplemental Definition of "Accused Software Products." Microsoft further objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of topics. Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably

calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Subject to these objections, its General Objections, Objections to Definitions and Instructions, and Objections to Supplemental Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 3:

All documents concerning the marketing or licensing of the Windows XP Media Center Extender Technology, Windows Media Connect, and the Microsoft Internet Protocol Television (IPTV) delivery solution, including but not limited to, any agreements with STMicroelectronics, Alienware Corp., Dell, Inc., Gateway, HP, Samsung Electronics Co. Ltd., Tatung Co., and Wistron Corp.

RESPONSE: In addition to its General Objections, Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents concerning the marketing or licensing" of several products, including "any agreements" with eight companies. Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Subject to these objections, its General Objections, Objections to Definitions and Instructions, and Objections to Supplemental Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope to this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 4:

All documents concerning the marketing or licensing of Microsoft's Portable Media Center technologies including, but not limited to any agreements with hardware vendors, market plans, projected revenues or profits and samples of all advertising and promotional materials.

RESPONSE: In addition to its General Objections, Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents," "any agreements with hardware vendors," and "samples of all advertising and promotional material." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Subject to these objections, its General Objections, Objections to Definitions and Instructions, and Objections to Supplemental Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 5:

All documents concerning Microsoft's variable bit rate streaming/progressive download optimization patent application. *See* MS-CC-Bu 000000270078.

RESPONSE: In addition to its General Objections, Microsoft objects to this document request on the basis that such information is highly proprietary and confidential. Microsoft objects to the terms "variable bit rate streaming/progressive download optimization patent application" as vague and ambiguous. Microsoft further objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Burst has made no showing that the requested patent application, if it exists, has any relevance to any of the issues in this case. Moreover, Microsoft objects to this request as beyond the scope of documents the parties have agreed to produce. Microsoft previously provided Burst an agreed-upon list of Microsoft patent applications. The parties met, conferred, and agreed on a subset of Microsoft patents and applications from that list that Microsoft would produce to Burst. The documents sought by this request involve a patent application that is outside the agreed-upon scope.

Microsoft further objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning the requested patent application. Microsoft further objects to this request as seeking information protected by Privileges.

REQUEST NO. 6:

All documents concerning Microsoft's Desktop Tracker and Digital Media Tracker.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms "Microsoft Desktop Tracker" and "Digital Media Tracker" as vague and ambiguous. Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" without limitation as to subject matter or product. Microsoft objects to this request as seeking

information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges.

Subject to these objections, its General Objections, Objections to Definitions and Instructions, and Objections to Supplemental Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

Dated: August 10, 2004                     MICROSOFT CORPORATION

                                By: _____
                                    John W. Treece
                                    SIDLEY AUSTIN BROWN & WOOD LLP
                                    Bank One Plaza
                                    10 South Dearborn Street
                                    Chicago, Illinois  60603
                                    (312) 853-7000

Of Counsel:
David B. Tulchin
Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Michael F. Brockmeyer
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-4115

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052

Karen A. Popp (D. Md. No. 26145)
SIDLEY AUSTIN BROWN & WOOD, LLP
1501 K Street, N.W.
Washington, DC 20005

Charles W. Douglas
David M. Schiffman
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

Mark R. Johnson, an attorney, hereby certifies that on August 10, 2004, he caused a true and correct copy of the foregoing document, Microsoft Corporation's Responses and Objections to Burst.com, Inc.'s Seventh Separate Request for Production of Documents, to be served upon the following counsel for the Plaintiff:

>Spencer Hosie (via U.S. Mail and facsimile)
>Bruce J. Wecker
>John McArthur
>HOSIE, FROST, LARGE & McARTHUR
>One Market Spear Street Tower, 22nd Floor
>San Francisco, CA 94105
>
>Robert Yorio (via U.S. Mail)
>Mary A. Wiggins
>CARR & FERRELL, LLP
>2200 Geng Road
>Palo Alto, CA 94303

_____
Mark R. Johnson