# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION.<br><br>This Document relates to:<br>*Burst.com, Inc. v.*<br>*Microsoft Corp.*,<br><br>Civil Action No 02cv2952 JFM | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz<br><br>BURST.COM'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 104, Burst.com, Inc. ("Burst") requests Microsoft Corporation ("Microsoft") respond to this request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying, at the offices of Carr & Ferrell, LLP, 2200 Geng Road, Palo Alto, California 94303, or at such time and place as may be agreed upon by counsel for both Burst and Microsoft.

Paper documents should be produced for inspection and copying or in an electronic format agreed upon by the parties. Microsoft should produce documents that it maintains electronically in the ordinary course of its business in an electronic format that is agreed upon by the parties.

### Uniform Instructions

If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

Whenever, in this Request, you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying: (a) if you are withholding the document under claim of privilege, including—but not limited to—the work product doctrine, please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressees, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you; (b) if you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in subsection (a) above, please state the reason for withholding the document.

When a document contains both privileged and non-privileged material the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or

2

BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

It is intended that this Request will not solicit any material protected by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

### Supplemental Instructions

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request pursuant to Fed. R. Civ. P. 34(b).

Supplement or correct your response to each request as required by Fed. R. Civ. P. 26(e).

Unless otherwise indicated, these requests call for the production of documents created, delivered, distributed, sent, received, or in effect between January 1, 1997, and

BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

the present.

To the extent a request calls for the production of documents previously produced in whole or in part in a separate request for production of documents, identify the bates range of that production and the date of production.

### Definitions

A.  "Burst" shall refer to Burst.com, Inc. and all of its affiliates and subsidiaries and each of their respective employees, agents, attorney, investigators, accountants, consultants and all other persons acting on their behalf or under their direction or control.

B.  "Microsoft" shall refer to Microsoft Corporation and all of its affiliates and subsidiaries and each of their respective employees, agents, attorney, investigators, accountants, consultants and all other persons acting on their behalf or under their direction or control.

C.  The words "you," "your," "defendant" and "defendants" as used herein shall refer to Microsoft.

D.  The terms "and" and "or," as used in this request, shall be construed conjunctively or disjunctively as necessary in order to bring within the scope of the request all documents, information and things which might otherwise be construed as falling outside of the scope of the request.

E.  The term "communication" means the transmittal of information by any

means.

  F. The term "concerning" means relating to, referring to, describing, evidencing, of constituting.

  G. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

  H. The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

  I. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." Words in the masculine, feminine or neuter form shall include each of the other genders.

  J. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

5

BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### PRODUCTION REQUEST NO. 1:

All documents concerning communications between you and Anthony Bay in his role as an officer, employee, agent or other authorized representative of Loudeye Corporation including Anthony Bay's role as Chairman and CSO of Loudeye Corporation.

### PRODUCTION REQUEST NO. 2:

All documents concerning any communication between you and Loudeye Corporation concerning Microsoft or any of Microsoft's products. This request specifically includes, but is not limited to Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

### PRODUCTION REQUEST NO. 3:

All documents concerning any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Loudeye Corporation. This request specifically includes, but is not limited to:

   a.   All documents concerning the licensing of Microsoft's intellectual property to Loudeye Corporation, specifically including any of Microsoft's patents, the

technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta;

b.  All documents concerning any evaluation by Loudeye Corporation of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

**PRODUCTION REQUEST NO. 4:**

All documents concerning the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Loudeye Corporation. This request specifically includes, but is not limited to:

a.  All documents concerning Loudeye Corporation's licensing of Microsoft's intellectual property, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta;

7

BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

b. All documents concerning any evaluation by Loudeye Corporation of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

**PRODUCTION REQUEST NO. 5:**

All documents concerning any communication between you and Movielink, LLC concerning Microsoft or any of Microsoft's products. This request specifically includes, but is not limited to Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

**PRODUCTION REQUEST NO. 6:**

All documents concerning any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Movielink, LLC. This request specifically includes, but is not limited to:

a. All documents concerning the licensing of Microsoft's intellectual property to Movielink, LLC, specifically including any of Microsoft's patents, the

8

BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta;

      b.    All documents concerning any evaluation by Movielink, LLC of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

## PRODUCTION REQUEST NO. 7:

All documents concerning the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Movielink, LLC. This request specifically includes, but is not limited to:

      a.    All documents concerning Movielink LLC's licensing of Microsoft's intellectual property, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

      b.      All documents concerning any evaluation by Movielink, LLC of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

DATED: July 9, 2004

SPENCER HOSIE (Ca Bar # 101777)
BRUCE J. WECKER (Ca Bar # 78530)
GEORGE F. BISHOP (Ca Bar # 89205)
**HOSIE, FROST, LARGE & McARTHUR**
One Market, Spear Street Tower, 22nd Floor
San Francisco, CA 94105
Telephone: 415-247-6000

ROBERT YORIO (Ca Bar # 93178)
COLBY B. SPRINGER (Ca Bar # 214868)
**CARR & FERRELL, *LLP***
2200 Geng Road
Palo Alto, CA 94303
Telephone: 650-812-3400

By: _____
Colby B. Springer
Attorneys for Plaintiff Burst.com, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney for Burst.com, Inc. hereby certifies that on July 9, 2004, he caused a true and correct copy of the foregoing document, BURST.COM'S EIGHTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS, to be served upon the following counsel for the Defendant via facsimile and first class U.S. Mail.

Mark R. Johnson
**Sidley Austin Brown & Wood LLP**
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
**Microsoft Corporation**
One Microsoft Way
Redmond, Washington 98052

Edward Anderson
Sidley Austin Brown & Wood LLP
555 California Street, Suite 5000
San Francisco, CA 94104-1715

Colby B. Springer