# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION.<br><br>This Document relates to:<br><br>*Burst.com, Inc. v. Microsoft Corp.*,<br>Civil Action No. C-02-2952 (N.D. Cal.) | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz<br><br>**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |

**MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS
TO BURST.COM, INC.'S EIGHTH SEPARATE REQUEST
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Microsoft Corporation, hereby responds and objects to Burst.com, Inc.'s ("Burst") Eighth Separate Request For Production Of Documents ("Request") as follows:

**GENERAL OBJECTIONS**

1. To the extent that Burst's Request purports to require Microsoft to conduct a search of all files in its possession, custody or control in an attempt to locate every document that might be responsive to the Request, Microsoft objects on the grounds that the Request is overly broad and unduly burdensome. Microsoft does not maintain enterprise-wide subject matter files. Documents are maintained by or on behalf of individual employees. To conduct a search reasonably calculated to locate responsive documents, Microsoft will search the files of individuals ("custodians") who, based on their position and responsibilities within the company, are most likely to possess documents responsive to the Request.

2. By agreeing to search for, and produce if located, documents responsive to these requests, Microsoft does not represent that such documents do in fact exist. Furthermore,

Microsoft may make available categories of documents from prior productions that are responsive to these requests, and rely upon such prior productions for the production here. Microsoft does not waive, and specifically reserves, its rights to challenge the competency, relevancy, materiality or admissibility of any document provided in response to the Request.

3. Microsoft objects to the extent that the Request seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, non-disclosure obligations, common interest privilege, or any other applicable privilege or doctrine (hereinafter referred to as "Privileges"). Microsoft will not produce documents containing such information or will produce documents in redacted form.

4. In accordance with the terms of the protective order in the Competitor Actions, the inadvertent production of any document subject to any Privileges is not intended to be, and shall not operate as, a waiver of any such Privileges, in whole or in part. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any inadvertently produced document shall be immediately returned. No use shall be made of any materials after written or oral notice is provided that such documents have been inadvertently produced. No use shall be made of any materials that a reasonable attorney would recognize as properly protected by any Privileges without an express, written waiver referring to the specific document by its unique production control number.

5. Microsoft's objections and responses are based on its investigations and discovery to date. Microsoft expressly reserves the right to modify and supplement these

objections and responses if additional information or documents are located by Microsoft. Microsoft assumes no obligation to supplement its responses beyond those imposed by the Rules.

6. Microsoft objects to these document requests as overly broad and seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence.

7. To the extent specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific request and are not to be construed as waiver of any General Objections applicable to responses falling within the scope of that request or any other request.

8. Microsoft objects to these document requests to the extent they purport to ask for the production of documents up to "the present," as it is mechanically impossible to comply with such a request. Additionally, such requests are unduly burdensome and not reasonably calculated to produce relevant information, particularly in light of the cost and burden involved. To the extent Microsoft agrees to produce non-privileged documents herein, it will produce such documents from a time period of January 1, 1997 through September 30, 2002.

9. Microsoft objects to these document requests as violative of Local Rule 104(1), which provides that "no party shall serve upon any other party, at one time or cumulatively, more than 30 requests for production...including all parts and sub-parts." Without taking into account the present requests, Burst has served on Microsoft 88 requests for production of documents, not including parts and sub-parts.

10. Consistent with Microsoft's January 30, 2004 letter to Burst proposing that "[n]either party shall serve on the other additional document requests," Microsoft objects to these requests as violative of the spirit of the parties' agreement to extend the fact discovery cutoff, unduly burdensome, wasteful, and seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence.

11. Microsoft objects to these document requests as unduly burdensome and duplicative to the extent they demand Microsoft to repeat searches, reviews and production of documents responsive to Request Nos. 25, 26, 27, 29, and 32 of Burst's Second Separate Request for Production of Documents and Request Nos. 18, 19, 20, 21, and 24 of Burst's Third Separate Request for Production of Documents. Microsoft hereby incorporates its objections to Request Nos. 25, 26, 27, 29, and 32 of Burst's Second Separate Request for Production of Documents and Request Nos. 18, 19, 20, 21, and 24 of Burst's Third Separate Request for Production of Documents and further objects to the obviously oppressive nature of their restatement here. Microsoft objects that these duplicative requests are particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

## OBJECTIONS TO INSTRUCTIONS

1. Microsoft objects to the third Uniform Instruction to the extent that it would require Microsoft to identify the date of the redaction or alteration and the person performing such redaction. This information is neither necessary to evaluate Microsoft's claim of privilege, nor relevant to establishing a privilege, and the burden imposed by requiring this additional information would outweigh any conceivable benefit.

## OBJECTIONS TO DEFINITIONS

For each definition to which Microsoft specifically objects, Microsoft sets forth the objection immediately following Burst's definition.

"Burst" shall refer to Burst.com, Inc. and all of its affiliates and subsidiaries and each of their respective employees, agents, attorney, [sic] investigators, accountants, consultants and all other persons acting on their behalf or under their direction or control.

Objection: Microsoft objects to this definition of the term "Burst" as vague and ambiguous, because Microsoft cannot determine the full scope of the definition since all of Burst's "employees, agents, attorney, [sic] investigators, accountants, consultants and all other persons acting on their behalf or under their direction or control" are not known to Microsoft.

"Microsoft" shall refer to Microsoft Corporation and all of its affiliates and subsidiaries and each of their respective employees, agents, attorney, [sic] investigators, accountants, consultants and all other persons acting on their behalf or under their direction or control.

Objection: In addition to its General Objections, Microsoft objects to this definition of the term "Microsoft" to the extent that it may be construed to require Microsoft to produce documents that are not within its "possession, custody, or control" pursuant to Federal Rule of Civil Procedure 34.

## RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 1:

All documents concerning communications between you and Anthony Bay in his role as an officer, employee, agent or other authorized representative of Loudeye Corporation including Anthony Bay's role as Chairman and CSO of Loudeye Corporation.

RESPONSE: In addition to its General Objections, Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning communications between Microsoft and Anthony Bay without limitation as to subject matter. Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to the requests identified in General Objection No. 11. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

Subject to these objections, its General Objections, Objections to Instructions, and Objections to Definitions, Microsoft will meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

DEFENDANT MICROSOFT'S RESPONSES TO PLAINTIFF'S EIGHTH SEPARATE REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 2:

All documents concerning any communication between you and Loudeye Corporation concerning Microsoft or any of Microsoft's products. This request specifically includes, but is not limited to Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of topics, including "any communication" between Microsoft and Loudeye concerning "Microsoft or any of Microsoft's products." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to the requests identified in General Objection No. 11. Microsoft objects that this duplicative request is particularly burdensome and

oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

Subject to these objections, its General Objections, Objections to Instructions, and Objections to Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 3:

All documents concerning any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Loudeye Corporation. This request specifically includes, but is not limited to:

a. All documents concerning the licensing of Microsoft's intellectual property to Loudeye Corporation, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

b. All documents concerning any evaluation by Loudeye Corporation of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its

June 2, 2003 claims charts. Microsoft further objects to the terms "technical assessments" and "cost or profitability" as vague and ambiguous.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of overly broad topics, including (i) "any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Loudeye;" (ii) "the licensing of Microsoft's intellectual property to Loudeye Corporation, specifically including any of Microsoft's patents;" and (iii) "any evaluation by Loudeye Corporation of Microsoft's intellectual property, …specifically including any of Microsoft's patents." Microsoft further objects to this request as vague, calling for speculation and not relevant to the claims or defenses of either party to the extent it seeks documents concerning "any…contemplated commercial relationship or agreement." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to the requests identified in General Objection No. 11. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

Subject to these objections, its General Objections, Objections to Instructions, and Objections to Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 4:

All documents concerning the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Loudeye Corporation. This request specifically includes, but is not limited to:

a. All documents concerning Loudeye Corporation's licensing of Microsoft's intellectual property, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

b. All documents concerning any evaluation by Loudeye Corporation of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts. Microsoft further objects to the terms "financial implications," "technical assessments," and "cost or profitability" as vague and ambiguous.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of overly broad topics, including (i) "the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Loudeye;" (ii) "Loudeye Corporation's licensing of Microsoft's intellectual property, specifically including any of Microsoft's patents;" and (iii) "any evaluation by Loudeye Corporation of Microsoft's intellectual property, …specifically including any of Microsoft's patents." Microsoft further objects to this request as vague, calling for speculation and not relevant to the claims or defenses of either party to the extent it seeks documents concerning "any…contemplated commercial relationship or agreement." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to the requests identified in General Objection No. 11. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

Subject to these objections, its General Objections, Objections to Instructions, and Objections to Definitions, Microsoft agrees to meet and confer with plaintiff's counsel to see if an appropriate scope for this request can be agreed upon. To the extent Microsoft agrees to

produce documents, if any, following the meet and confer with plaintiff's counsel, such documents will be limited in scope to Microsoft's Windows Media 9 Series.

REQUEST NO. 5:

All documents concerning any communication between you and Movielink, LLC concerning Microsoft or any of Microsoft's products. This request specifically includes, but is not limited to Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of overly broad topics, including "any communication" between Microsoft and Movielink concerning "Microsoft or any of Microsoft's products." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat

searches, reviews and production of documents responsive to Request No. 3 of Burst's Fifth Separate Request for Production of Documents. Microsoft hereby incorporates its objections to Request No. 3 of Burst's Fifth Separate Request for Production of Documents and further objects to the obviously oppressive nature of its restatement here. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

REQUEST NO. 6:

All documents concerning any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Movielink, LLC. This request specifically includes, but is not limited to:

a. All documents concerning the licensing of Microsoft's intellectual property to Movielink, LLC, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

b. All documents concerning any evaluation by Movielink, LLC of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its

June 2, 2003 claims charts. Microsoft further objects to the terms "technical assessments" and "cost or profitability" as vague and ambiguous.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of overly broad topics, including (i) "any due diligence into any actual, planned, or contemplated commercial relationship or agreement with Movielink;" (ii) "the licensing of Microsoft's intellectual property to Movielink, LLC, specifically including any of Microsoft's patents;" and (iii) "any evaluation by Movielink, LLC of Microsoft's intellectual property, ...specifically including any of Microsoft's patents." Microsoft further objects to this request as vague, calling for speculation and not relevant to the claims or defenses of either party to the extent it seeks documents concerning "any...contemplated commercial relationship or agreement." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to Request No. 3 of Burst's Fifth Separate Request for Production of Documents. Microsoft hereby incorporates its objections to Request No. 3 of Burst's Fifth Separate Request for Production of Documents and further objects to the obviously oppressive nature of its restatement here. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded

the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

REQUEST NO. 7:

All documents concerning the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Movielink, LLC. This request specifically includes, but is not limited to:

a. All documents concerning Movielink, LLC's licensing of Microsoft's intellectual property, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

b. All documents concerning any evaluation by Movielink, LLC of Microsoft's intellectual property, including technical assessments, cost or profitability, specifically including any of Microsoft's patents, the technology referred to as Fast Streaming and the Windows Media 9 Series Platform including Windows Media Player 9 Series; Windows Media Services 9 Series, Windows Server 2003; Windows Media Encoder 9 Series; Windows Media Audio and Video 9 Series; Windows Media Digital Rights Management; and Windows Media Software Development Kit; Windows Media Player 10 Technical Beta.

RESPONSE: In addition to its General Objections, Microsoft objects to the terms " Fast Streaming," "Windows Media Digital Rights Management," "Windows Media Software Development Kit," and "Windows Media Player 10 Technical Beta" as overly broad, vague, ambiguous, and beyond the scope of Burst's claims as previously identified and defined by Burst in its Response to Interrogatory No. 1 of Microsoft's Third Set of Interrogatories to Burst and its June 2, 2003 claims charts. Microsoft further objects to the terms "financial implications," "technical assessments," and "cost or profitability" as vague and ambiguous.

Microsoft objects to this request as overly broad and unduly burdensome to the extent it demands "[a]ll documents" concerning a number of overly broad topics, including (i) "the financial implications of any actual, planned, or contemplated commercial relationship or agreement with Movielink;" (ii) "Movielink LLC's licensing of Microsoft's intellectual property,

specifically including <u>any</u> of Microsoft's patents;" and (iii) "<u>any</u> evaluation by Movielink, LLC of Microsoft's intellectual property, …specifically including <u>any</u> of Microsoft's patents." Microsoft further objects to this request as vague, calling for speculation and not relevant to the claims or defenses of either party to the extent it seeks documents concerning "<u>any</u>…<u>contemplated</u> commercial relationship or agreement." Microsoft objects to this request as seeking information neither relevant to the claims or defenses of either party nor reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this request as seeking information protected by Privileges and objects to this request to the extent that it seeks information subject to confidentiality agreements between Microsoft and a third party.

      Microsoft hereby incorporates General Objection No. 11, and further objects to this request as unduly burdensome and duplicative to the extent it demands Microsoft to repeat searches, reviews and production of documents responsive to Request No. 3 of Burst's Fifth Separate Request for Production of Documents. Microsoft hereby incorporates its objections to Request No. 3 of Burst's Fifth Separate Request for Production of Documents and further objects to the obviously oppressive nature of its restatement here. Microsoft objects that this duplicative request is particularly burdensome and oppressive in light of the fact Burst has already exceeded the 30 request limit imposed by Local Rule 104(1) by almost 60 requests, not including parts or sub-parts.

Dated: August, 11 2004                MICROSOFT CORPORATION

By: _____/s/ John W. Treece/MKJ_____
John W. Treece
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Of Counsel:
David B. Tulchin
Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Michael F. Brockmeyer
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-4115

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052

Karen A. Popp (D. Md. No. 26145)
SIDLEY AUSTIN BROWN & WOOD, LLP
1501 K Street, N.W.
Washington, DC 20005

Charles W. Douglas
David M. Schiffman
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603

DEFENDANT MICROSOFT'S RESPONSES TO PLAINTIFF'S EIGHTH SEPARATE REQUEST FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

Mark R. Johnson, an attorney, hereby certifies that on August 11, 2004, he caused a true and correct copy of the foregoing document, Microsoft Corporation's Responses and Objections to Burst.com, Inc.'s Eighth Separate Request for Production of Documents, to be served upon the following counsel for the Plaintiff:

>Spencer Hosie (via U.S. Mail and facsimile)
>Bruce J. Wecker
>John McArthur
>HOSIE, FROST, LARGE & McARTHUR
>One Market Spear Street Tower, 22nd Floor
>San Francisco, CA 94105
>
>Robert Yorio (via U.S. Mail)
>Colby B. Springer
>CARR & FERRELL, LLP
>2200 Geng Road
>Palo Alto, CA 94303

_____
Mark R. Johnson