# EXHIBIT I

# SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | BANK ONE PLAZA | LOS ANGELES |
| BRUSSELS | 10 S. DEARBORN STREET | NEW YORK |
| CHICAGO | CHICAGO, ILLINOIS 60603 | SAN FRANCISCO |
| DALLAS | TELEPHONE 312 853 7000 | SHANGHAI |
| GENEVA | FACSIMILE 312 853 7036 | SINGAPORE |
| HONG KONG | www.sidley.com | TOKYO |
| LONDON | FOUNDED 1866 | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(312) 853-4169

WRITER'S E-MAIL ADDRESS
dilewis@sidley.com

September 15, 2004

**By Facsimile**

Spencer Hosie
Hosie Frost Large & McArthur
1 Market Street
Spear Street Tower, 22nd Floor
San Francisco, CA 94105

Robert J. Yorio
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, California 94303

Re:   MDL 1332; Burst v. Microsoft Corporation

Dear Spencer and Bob:

Further to John Treece's September 14, 2004 email (attached), I am writing about Burst's patent infringement claims. Having reviewed Burst's proposed Amended Complaint and response to Microsoft's Fifth Set of Interrogatories, we are confused about what Microsoft software and features Burst now alleges infringes.

Does Burst still allege that Fast Start and Fast Cache infringe? Are Burst's allegations now limited to functionality related to downloading media content and uploading it to personal media devices?

Before we determine whether to oppose Burst's motion to amend its complaint, we need to understand what Burst is now alleging infringes and how that differs from its previous allegations. Please let me know as soon as possible. If a conversation on this topic would help, please let me know when you are available.

Sincerely,

*[signature]*

Douglas I. Lewis

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

From: Treece, John W.
Sent: Tuesday, September 14, 2004 4:22 PM
To: Spencer Hosie (E-mail)
Cc: Cederoth, Richard A.
Subject: Burst Again

Regarding your motion for amended complaint, our principal concern is the addition of WMS 10 and your request for 60 days of additional discovery, both of which are new issues from before. That has drawn two questions from our team:

1. Are the current infringement contentions (re WMS 10 -- Windows Media 10 player, the Portable Media Center, and the WSN Music Service) derivative of your prior contentions, i.e,. are they subsumed within what you allege for WMS 9?

2. What discovery do you think you need and generally, why 60 days?

Thanks.

John W. Treece
Sidley Austin Brown & Wood LLP
10 South Dearborn Street
Chicago, Illinois 60603

312-853-2937 (T)
312-853-7036 (F)
jtreece@sidley.com