# TAB H

# MOORE'S FEDERAL PRACTICE
## THIRD EDITION

**VOLUME 7**

*JAMES WM. MOORE*

**BOARD OF EDITORS**

**Daniel R. Coquillette**
J. Donald Monan
University Professor of Law,
Boston College
and *Lester Kissel*
Visiting Professor of Law
Harvard Law School

**Gregory P. Joseph**
Gregory P. Joseph Law Offices LLC,
New York

**Sol Schreiber**
Milberg Weiss Bershad Hynes
Lerach, New York

**Jerold S. Solovy**
Jenner & Block, Chicago

**Georgene M. Vairo**
Professor of Law
Loyola Law School, Los Angeles

2004


LexisNexis
Matthew Bender

### [3]—When Duty to Preserve Arises

#### [a]—Duty Arises When Person Becomes Aware of Potential Litigation

The duty to preserve evidence can arise at different times depending on the case and the jurisdiction.[10] In general, the duty to preserve evidence arises when a party is aware or should be aware that evidence in its possession or control is relevant to litigation or potential litigation.[11] A party may learn of imminent litigation in many ways. For example, an attorney's correspondence sent before litigation is instituted advising the opposing party of plans to file a lawsuit may trigger the opposing party's duty to preserve relevant evidence.[12] Although the intent to file a lawsuit need not be explicitly stated in a notification to convey the possibility of litigation,[13] the potential litigation must be probable and not merely possible.[14]

---

[10] **Duty to preserve arises at different times.**

| | |
|---|---|
| 6th Circuit | *See* Welsh v. United States, 844 F.2d 1239, 1247–1248 (6th Cir. 1988) (disposal of critical evidence before litigation commenced sanctionable). |
| 7th Circuit | *See* Danis v. USN Commns., Inc., 2000 U.S. Dist. LEXIS 16900, at *99 (N.D. Ill. Oct. 20, 2000) (duty to preserve arises on receipt of discovery request or when complaint is filed). |
| 9th Circuit | *See* Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 365 (9th Cir. 1992) (pre-filing destruction of evidence sanctioned). |
| 10th Circuit | *See* Computer Assocs. Int'l, Inc. v. American Fundware, Inc., 133 F.R.D. 166, 169 (D. Colo. 1990) (court set time of answer for 20 days after service of complaint as date duty commenced). |

[11] **Duty arises when party is aware or should be aware of litigation.**

| | |
|---|---|
| 8th Circuit | *See* Lewy v. Remington Arms Co., 836 F.2d 1104, 1112 (8th Cir. 1988) (corporation responsible for preserving documents it knew or should have known would be material at some point in future, and document retention policies would not shield intentional destruction of documents). |
| 9th Circuit | *See* William T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1446 (C.D. Cal. 1984) (notice of litigation provided by pre-litigation correspondence, filing of complaint, and requests for discovery). |

[12] **Communication from opposing counsel notifies party of preservation duty.**

| | |
|---|---|
| 9th Circuit | *See* William T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1446 (C.D. Cal. 1984) (notice provided by pre-litigation correspondence). |
| 10th Circuit | *See* Computer Assocs. Int'l, Inc. v. American Fundware, Inc., 133 F.R.D. 166, 168–169 (D. Colo. 1990) (duty to preserve relevant evidence arose after pre-litigation discussions with counsel). |

[13] **Letter need not expressly indicate intent to file lawsuit.** *See* ABC Home Health Servs., Inc. v. IBM Corp., 158 F.R.D. 180, 181 (S.D. Ga. 1994) ("tone" of letter that was sent terminating agreement to develop software was sufficient to alert defendant of possibility of lawsuit).

[14] **Litigation must be probable.** *See* Iowa Ham Canning, Inc. v. Handtmann, Inc., 870 F. Supp.