# TAB I

Case 1:02-cv-02952-JFM   Document 191-13   Filed 12/02/2004   Page 2 of 4

# MOORE'S FEDERAL PRACTICE

# MANUAL FOR COMPLEX LITIGATION (FOURTH)

Federal Judicial Center, Washington, D.C.



2004



Case 1:02-cv-02952-JFM   Document 191-13   Filed 12/02/2004   Page 2 of 4

§ 11.442                                                                    *Manual for Complex Litigation, Fourth*

produced (by any procedure) or used in the litigation. To reduce the risk of confusion, each document should be assigned a single identifying designation for use by all parties for all purposes throughout the case, including depositions and trial.

Counsel should be informed that consecutive numbering is usually the most practicable; blocks of numbers are assigned to each party in advance to make the source of each document immediately apparent. Every page of every document is Bates-stamped consecutively. The document's number may be later used to designate it; if the document is identified differently in the course of a deposition or on an exhibit list, the stamped number should be included as a cross-reference. If other means of designation are used, no designation should be assigned to more than one document, and the same document should not receive more than one designation unless counsel have reason to refer to different copies of the same document. In multitrack depositions, a block of numbers should be assigned to each deposition in advance. To avoid later disputes, a log should record each document produced and should indicate by, to whom, and on what date production was made. A record of the documents produced by a party and copied by an opposing party may also be useful.

The court can also order an identification system for computerized data that complements or integrates into the system adopted for paper documents. At a minimum, computer tapes, disks, or files containing numerous E-mail messages or word-processed documents should be broken down into their component documents for identification. However, databases containing millions of data elements, none of which are meaningful alone, can be difficult or impossible to break down and organize in a way directly analogous to conventional document collections. Special consideration should be given to their identification and handling.

Courts have traditionally given new designations to documents marked as exhibits for trial, often by assigning sequential numbers to one side and sequential letters to the other. Duplicate designations of documents, however, can be confusing; exhibits can readily be marked for trial by their discovery designations. If desired, a supplemental designation can be used to identify the offering party.

## 11.442 Preservation

Before discovery starts, and perhaps before the initial conference, the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litiga-

*Pretrial Procedures* § 11.442

tion.[161] Because such an order may interfere with the normal operations of the parties and impose unforeseen burdens, it is advisable to discuss with counsel at the first opportunity the need for a preservation order and, if one is needed, the scope, duration, method of data preservation, and other terms that will best preserve relevant matter without imposing undue burdens.

A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations. In addition, a preservation order will likely be ineffective if it is formulated without reliable information from the responding party regarding what data-management systems are already in place, the volume of data affected, and the costs and technical feasibility of implementation. The following are among the points to consider in formulating an effective data-preservation order:

- Continued operation of computers and computer networks in the routine course of business may alter or destroy existing data, but a data preservation order prohibiting operation of the computers absolutely would effectively shut down the responding party's business operations. Such an order requires the parties to define the scope of contemplated discovery as narrowly as possible, identify the particular computers or network servers affected, and agree on a method for data preservation, such as creating an image of the hard drive or duplicating particular data on removable media, thereby minimizing cost and intrusiveness and the downtime of the computers involved.
- Routine system backups for disaster recovery purposes may incidentally preserve data subject to discovery, but recovery of relevant data from nonarchival backups is costly and inefficient, and a data-preservation order that requires the accumulation of such backups beyond their usual short retention period may needlessly increase the scope and cost of discovery. An order for the preservation of backup data obliges the parties to define the scope of contemplated discovery narrowly to minimize the number of backups that need to be retained and eventually restored for discovery purposes.

---

161. *See infra* section 40.25 (order for preservation of records). For examples from recent complex multidistrict litigation, see *In re Propulsid Prods. Liab. Litig.*, MDL No. 1355 (E.D. La. Apr. 19, 2001) (Pretrial Order No. 10: Production and Preservation of Defendants' Electronic Data), at http://propulsid.laed.uscourts.gov/Orders/order10.pdf (last visited Nov. 10, 2003). *See also In re* Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prods. Liab. Litig., MDL No. 1373 (S.D. Ind. Mar. 15, 2001) (Order Regarding Ford's Preservation of Electronic Data), *at* http://www.insd.uscourts.gov/Firestone/bf_docs/93730738.pdf (last visited Nov. 10, 2003).